IN THE MATTER OF TRUMAN M. OATES: License No. 1866698,
Petitioner

No. 734SC351

(Filed 23 May 1973)

**Automobiles § 2— three convictions of drunken driving — revocation of
license — out-of-state conviction**

An out-of-state conviction of operating a motor vehicle upon the
public highway while under the influence of intoxicating liquor or an
impairing drug is to be treated as a conviction for the purpose of
mandatory permanent revocation of driver's license under G.S. 20-
19(e).

APPEAL by respondent, North Carolina Department of Motor
Vehicles, from *Peel, Judge,* 13 November 1972 Session of Su-
perior Court held in SAMPSON County.

Petitioner instituted this proceeding to review the action
of the North Carolina Department of Motor Vehicles in perma-
nently revoking petitioner's driving privilege pursuant to G.S.
20-19(e) because of three convictions of operating a motor
vehicle upon the highways while under the influence of intoxi-
cating liquor.

The facts disclose that petitioner was convicted of operat-
ing a motor vehicle upon the highway while under the influence
of intoxicating liquor on the following dates, at the following
places:

8 December 1964 — Goldsboro, N. C.

17 July 1970 — Richmond, Va.

1 December 1971 — Sampson County, N. C.

Judge Peel found the facts to be as above, and additionally
found that petitioner had failed to show that the proceedings
in Virginia were irregular, invalid, or otherwise insufficient to
support his conviction in Virginia.

Thereafter, Judge Peel concluded as follows:

"That the decision of the Department of Motor Ve-
hicles mandatorily revoking the petitioner's driving privi-
lege permanently, effective 1 December 1971, is erroneous
and should be treated as a discretionary suspension or revo-
cation."

State v. Avery

It was thereafter ordered that the official notice and record of revocation be reversed, and the Department was ordered to grant petitioner a hearing to consider the restoration of petitioner's driving privilege in the discretion of the Department.

The North Carolina Department of Motor Vehicles appealed.

*Attorney General Morgan, by Assistant Attorney General Ray, for the North Carolina Department of Motor Vehicles.*

*No counsel contra.*

BROCK, Judge.

The question which is squarely presented by this appeal is whether an out-of-state conviction of operating a motor vehicle upon the public highway while under the influence of intoxicating liquor or an impairing drug is to be counted as a conviction for the purpose of the operation of the mandatory provision of G.S. 20-19(e). Judge Peel, in effect, ruled that the out-of-state conviction was not to be considered as a conviction for the purposes of the application of G.S. 20-19(e).

We disagree with his honor on this question. It seems to us that to eliminate an out-of-state conviction from consideration for the purpose of mandatory revocation under G.S. 20-19(e) would partially circumvent the clear intent of the legislature.

The judgment entered by Judge Peel is

Reversed.

Judges PARKER and HEDRICK concur.