Rhyne v. Garrett, Comr. of Motor Vehicles

———

BETTY CASTLEBERRY RHYNE v. JOE GARRETT,
N. C. COMMISSIONER OF MOTOR VEHICLES

No. 7319SC477

(Filed 27 June 1973)

1. **Automobiles § 2— mandatory revocation of license — no right to appeal**
   There is no right to appeal to the superior court from a mandatory revocation of a driver's license.

2. **Automobiles § 2— permanent revocation of license — drunken driving — bond forfeiture as conviction — mandatory revocation — no right to appeal**
   Permanent revocation of plaintiff's driver's license for a third offense of drunken driving was mandatory where plaintiff had twice been convicted of drunken driving and plaintiff's bond was forfeited for failure to appear in the superior court upon her appeal after conviction of drunken driving in the district court, which bond forfeiture was equivalent to a conviction of drunken driving, G.S. 20-24(c), and the superior court was without authority to revoke or make any order with reference to such revocation. G.S. 20-17(2); G.S. 20-19(e).

APPEAL by defendant, Joe Garrett, North Carolina Commissioner of Motor Vehicles, from *McConnell, Judge,* 20 November 1972 Session of Superior Court held in ROWAN County.

Plaintiff, Betty Castleberry Rhyne, instituted this proceeding in the superior court on 17 April 1972 by filing a complaint in which she prayed that:

" . . . the Defendant be ordered to rescind and strike from its records the permanent revocation of Plaintiff's driver's license which was entered February 7, 1970."

It is uncontroverted that on 5 July 1957 and 27 February 1967, plaintiff was convicted of driving upon a public highway while under the influence of intoxicating liquor. On 17 August 1969, plaintiff was arrested for driving while under the influence of intoxicating liquor. She appealed from a conviction in the district court and deposited a cash bond in the amount of $100.00 for her appearance in the superior court. Plaintiff failed to appear in the superior court; and on 2 February 1970, a judgment absolute was entered on the cash appearance bond. After receiving notice of the bond forfeiture, pursuant to G.S. 20-17(2) and G.S. 20-19(e), the Department of Motor Vehicles on 25 February 1970 mailed to plaintiff a notice of permanent revocation of her operator's license effective 7 March 1970.

The trial court made findings of fact substantially the same as those set out above and concluded:

"1. That the bond forfeiture recorded against the plaintiff as a conviction on February 2, 1970 in the Charlotte Superior Court is not a conviction upon which permanent revocation of operator's license may be based in that the plaintiff was not personally notified by the Court or counsel to appear before the Superior Court for Mecklenburg County, North Carolina or of the date to appear, or of the scheduled date of her court appearance in the Superior Court of Mecklenburg County, North Carolina and therefore no valid conviction resulted from her bond forfeiture.

2. That, as the February 2, 1970 conviction on the bond forfeiture is not a valid conviction against the plaintiff, the departmental action of the North Carolina Department of Motor Vehicles in permanently revoking the plaintiff's driver's license for three or more offenses of driving under the influence under G.S. 20-17 is invalid."

The trial court declared "invalid" defendant's action in permanently revoking plaintiff's operator's license and ordered defendant to rescind and strike the permanent revocation from its records "on the ground that Plaintiff has not received three

valid convictions for driving under the influence of. alcoholic beverages." Defendant appealed.

*Carlton & Rhodes by Graham M. Carlton and Gary C. Rhodes for plaintiff appellee.*

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and William B. Ray for defendant appellant.*

HEDRICK, Judge.

G.S. 20-25 in pertinent part provides:

> "Any person denied a license or whose license has been cancelled, suspended or revoked by the Department, *except where such cancellation is mandatory under the provisions of this article,* shall have a right to file a petition within thirty (30) days thereafter for a hearing in the matter in the superior court of the county wherein such person shall reside . . . and such court or judge is hereby vested with jurisdiction and it shall be its or his duty to set the matter for hearing upon thirty (30) days' written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this article." (Emphasis added.)

[1, 2]   There is no right to appeal to the superior court from a mandatory revocation of one's operator's license. *In re Austin,* 5 N.C. App. 575, 169 S.E. 2d 20 (1969). Upon receiving notice of the bond forfeiture, which is equivalent to a conviction of driving while under the influence of an intoxicant, G.S. 20-24(c), the Department of Motor Vehicles merely followed the mandate of the statute by permanently revoking plaintiff's driver's license for a third offense of driving while under the influence, G.S. 20-17(2) and G.S. 20-19(e) ; and because the departmental action was *mandatory,* the superior court was without authority to revoke or make any order with reference thereto.

The judgment appealed from is

Reversed.

Judges CAMPBELL and BALEY concur.