IN THE MATTER OF: BILLY W. SPARKS, Petitioner

No. 7429SC1010

(Filed 5 March 1975)

**Automobiles § 2— limited driving privilege — out-of-state bond forfeiture as prior conviction**

A bond forfeiture in a drunken driving case in another state constituted a conviction which would abrogate the discretion of a trial judge to grant a limited driving permit under G.S. 20-179 (b) (1).

APPEAL by Respondent from *Snepp, Judge.* Judgment entered 4 September 1974 in Superior Court, McDowell County. Heard in the Court of Appeals 13 February 1975.

The petitioner was convicted on 14 February 1974 in district court of driving while under the influence of intoxicating liquor. It was stipulated that the petitioner had previously been charged with the same offense in Indiana in December, 1968, and that he had posted an appearance bond, but he did not return for trial and thereby forfeited his bond. Respondent, the Department of Motor Vehicles, was notified on 22 December 1968, of petitioner's conviction in Indiana. Shortly thereafter, respondent revoked petitioner's driving privilege for one year.

When petitioner was convicted by the North Carolina District Court in February, 1974, the district judge issued to the petitioner a limited driving permit for the year his license was revoked. Respondent thereafter concluded that the North Carolina conviction was not a first conviction within the meaning of the statute giving the trial judge authority to grant limited driving permits and ordered the limited driving permit revoked.

Petitioner then filed this action challenging respondent's authority to revoke his limited driving permit. Judgment was

duly entered in favor of the petitioner, from which the respondent appealed.

*Attorney General Edmisten by Assistant Attorneys General William B. Ray and William W. Melvin for the respondent.*

*Carnes & Rollins by Everette C. Carnes for the petitioner.*

CLARK, Judge.

The only issue to be decided on this appeal is whether the Indiana bond forfeiture within ten years of the present offense is a conviction that would abrogate the discretion of a judge to grant a limited driving permit under G.S. 20-179 (b) (1). It should be noted that, under G.S. 20-24 (c), a bond forfeiture is equivalent to a conviction.

Prior to 1969, G.S. 20-179 only dealt with penalties for driving under the influence of intoxicating liquor or narcotic drugs. In 1969, the General Assembly in Chapter 1283 amended G.S. 20-179 with legislation entitled, "AN ACT TO ALLOW JUDGES TO ISSUE LIMITED DRIVING PERMITS TO PERSONS CONVICTED OF FIRST OFFENSES OF DRIVING WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR." This amendment added the entire subsection (b) designating the existing paragraph subsection (a). In 1971, the General Assembly in Chapter 619, §§ 14 and 15 amended the section further adding, *inter alia,* the language ". . . or as appropriate" to the form judgment of subsection (b) (2) wherein the offense for which the permittee has been convicted is to be listed. Another pertinent amendment of the same year to this statute is found in Chapter 1133, which provides in substance that prior offenses occurring within ten years of the date of the present offense counted so that a conviction on a current offense would not be a "first conviction."

In the case of *In Re Oates,* 18 N.C. App. 320, 196 S.E. 2d 596 (1973), this Court held that a prior out-of-state conviction for driving while intoxicated was a conviction to be counted under the mandatory revocation provisions of G.S. 20-19 (e). While that case only dealt with the provisions of that section, it is, nevertheless, relevant to the question in the present case in that G.S. 20-19 (e) is a *penal* provision allowing *permanent* revocation of a license whereas G.S. 20-179 (b) (1) is a license reinstatement provision. Insofar as this Court has already held that the clear legislative intent under a *penal* provision was to

count prior out-of-state convictions, it becomes very difficult to discount them under a *grace* type provision. This is not to say that the legislative intent may have been different when it passed the grace provision, but it is to say that what was contemplated as a conviction under one section may equally be such under another. If it is the clear intent of the legislature to count out-of-state convictions in permanently depriving one of his license under G.S. 20-19 (e), it is logical to conclude that the legislature intended them to count for purposes of granting limited driving privileges under G.S. 20-179 (b) (1).

It should be noted that all of the amendments to G.S. 20-179 are specifically related to the offenses of driving under the influence. With this in mind and the fact that the only "driving under the influence" statutes in this State are enumerated in G.S. 20-138, 20-139 (a) and 20-139 (b), it is reasonable to assume that the legislative amendment in 1971 adding "or as appropriate" to the offenses to be listed in the form judgment of G.S. 20-179 (b) (2) was referring to out-of-state convictions. This carries through logically in that the language of G.S. 20-179 (b) (3) gives the resident judge authority to issue restrictive driving privileges "[u]pon conviction of such offense outside the jurisdiction of this State. . . ."

In view of the legislative intent as defined in the *In Re Oates* case, the legislative recognition of out-of-state convictions in other subparts of G.S. 20-179 (b), and the fundamental rule of construction that sections and acts in pari materia, and all parts thereof, should be construed together, it is our opinion that the judgment in the present case should be reversed and the action of the respondent in revoking the petitioner's license be reinstated.

Reversed.

Chief Judge BROCK and Judge HEDRICK concur.