## Richmond

COMMONWEALTH OF VIRGINIA

V.

## HENRY RAY BRUMFIELD

October 15, 1982.

Record No. 811874.

Present: Carrico, C.J., Poff, Compton, Thompson, Stephenson, and Russell, JJ.

*Jeffrey A. Spencer*, Assistant Attorney General (*Gerald L. Baliles*, Attorney General; *Walter A. McFarlane*, Deputy Attorney General, on briefs), for appellant.

*Alan L. Arey* for appellee.

PER CURIAM.

In this case we must determine whether a bond forfeiture, on a charge of driving under the influence of alcohol in another state, constitutes a "conviction" for the purposes of adjudicating the defendant an habitual offender, pursuant to the Virginia Habitual Offender Act, Code § 46.1-387.1 *et seq.*. Henry Ray Brumfield was ordered, pursuant to Code § 46.1-387.5, to appear before the Circuit Court of Pittsylvania County to show cause why he should

not be adjudged an habitual offender. After reviewing the evidence, the trial court held that one of the three offenses upon which the Commonwealth relied was not a "conviction" for the purposes of Code § 46.1-387.2, because it was based upon a forfeiture of appearance bond on a charge of driving under the influence ("DUI") in North Carolina, rather than upon a finding of guilt after a trial. The Commonwealth appeals the trial court's dismissal of this civil proceeding, contending that a bond forfeiture constitutes a "conviction" for the purposes of the Habitual Offender Act. We agree, and reverse.

The facts are undisputed. The Commonwealth's Attorney filed an information against Brumfield based upon a certified abstract of convictions furnished by the Division of Motor Vehicles. The abstract showed three convictions: (1) "DUI" in the Municipal Court of the City of Danville on June 19, 1970, (2) "DUI" in the District Court at Roxboro, Person County, North Carolina on March 9, 1978, and (3) "Driving on Revoked License" in the General District Court of Danville on February 13, 1980. A show cause order was issued and served on Brumfield. At the hearing, Brumfield contested only the effect of the North Carolina record. The court examined a certified abstract of the North Carolina conviction and ascertained that Brumfield was charged with operating a motor vehicle "[w]hile under the influence of intoxicating liquor. G.S. 20-138. .18%" in Person County, North Carolina on September 3, 1977, and the summons had been marked "bond forfeiture" on March 9, 1978. The defendant conceded that he had been charged with "DUI" as shown by the North Carolina record, that he had failed to appear in response to the summons, and that he had not been represented by counsel. The sole question presented for the trial court's determination was whether the bond forfeiture amounted to a "conviction" of the North Carolina offense. Holding that it was not a "conviction," the court dismissed the Commonwealth's information because the two remaining convictions were not a sufficient basis for adjudication under the Virginia Habitual Offender Act.

■ For the purposes of determining who is an habitual offender, the Act, Code § 46.1-387.2(c), expressly includes offenses committed under the laws of sister states which substantially conform to specified Virginia statutes. *See Davis v. Commonwealth,* 219 Va. 808, 252 S.E.2d 299 (1979).

■ The question whether the bond forfeiture amounted to a conviction must be determined by the law of North Carolina, which had sole jurisdiction of the subject matter of the 1977 "DUI" offense. *See Nelson* v. *Lamb,* 195 Va. 1043, 81 S.E.2d 762 (1954); *accord Keith* v. *Capers,* 362 So.2d 130 (Fla. App. 1978); *Cofer* v. *Gibson,* 148 Ga. App. 572, 252 S.E.2d 6 (1978). North Carolina's Habitual Offender Act, N.C. Gen. Stat. § 20-220 *et seq.* (1975), was repealed in 1977. It contained a specific provision, N.C. Gen. Stat. § 20-221(4), which equated the forfeiture of bail or collateral, deposited to secure a defendant's apperance in a North Carolina court, with a conviction. The Court of Appeals of North Carolina held, in *Rhyne* v. *Garrett,* 18 N.C. App. 565, 197 S.E.2d 235 (1973), that the forefeiture of collateral on a "DUI" charge was equivalent to a conviction for the purpose of mandatory administrative suspension of an operator's license.

■ Section 20-24(c) of the General Statutes of North Carolina provides:

> For the purpose of this Article the term "conviction" shall mean a final conviction. Also, for the purposes of this Article a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture had not been vacated, shall be equivalent to a conviction . . . .

Brumfield argues that this section is restricted by its own terms to "the purposes of this Article," referring to Article 2 of the North Carolina Motor Vehicle Act, the Uniform Driver's License Act. Therefore, Brumfield contends, forfeiture of bail is equivalent to a conviction only for the purposes of the administrative suspensions of operator's licenses required by that same article.

In the case of *In Re Sparks,* 25 N.C. App. 65, 212 S.E.2d 220 (1975), the court applied N.C. Gen. Stat. § 20-24(c) to a judicial proceeding under Article 3 of the North Carolina Motor Vehicle Act. There, Sparks had been charged with "DUI" in Indiana in 1968. He had posted bond, but had forfeited it by failing to return for trial. He was convicted of a like offense in North Carolina in 1974. The law then in effect permitted a district judge to issue a limited operator's license to a defendant convicted of "DUI" as a first offender. A district judge disregarded the Indiana bond forfeiture, treated the defendant as a first offender, and issued a limited operator's license. On appeal by the Department of Motor

Vehicles, the issuance of the license was upheld by the superior court. The Court of Appeals of North Carolina reversed. It applied N.C. Gen. Stat. § 20-24(c) to this judicial proceeding and held that the Indiana bond forfeiture was equivalent to a conviction for the purposes of the North Carolina "DUI" Statute, N.C. Gen. Stat. § 20-179. It thus appears that N.C. Gen. Stat. §20-24(c) has broader application than Brumfield contends, and that a bond forfeiture is clearly equivalent to a conviction in judicial proceedings under North Carolina law.

Brumfield's 1978 North Carolina bond forfeiture was a conviction under the law of that state. Code § 46.1-387.2(c) requires that it be counted for the purpose of determining his status under the Virginia Habitual Offender Act. For this reason, the order appealed from will be reversed, and the case will be remanded with direction to the trial court to enter an order adjudicating Brumfield an habitual offender pursuant to Code § 46.1-387.6.

*Reversed and remanded.*