513 S.E.2d 100

**Clifton David SCOTT, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 24901.

Supreme Court of South Carolina.

Submitted Dec. 16, 1998.

Decided Feb. 16, 1999.

---

1. South Carolina Code Ann.Regs. 72–300 to 72–316 (Supp.1998).

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Teresa A. Knox, all of Columbia, for petitioner.

Howard W. Paschal, Jr., of Greenville, for respondent.

## ON WRIT OF CERTIORARI

WALLER, Justice:

Petitioner (the State) petitions the Court to reverse the order of the post-conviction relief (PCR) judge granting relief to respondent. We affirm.

### FACTS

A jury in 1989 convicted respondent of trafficking in and transportation of 23.17 grams of cocaine. A circuit judge

sentenced respondent to thirty years in prison and a $50,000 fine on the trafficking conviction, and one year, concurrent, on the transportation conviction. The judge, without objection from respondent's trial attorney, sentenced respondent as a second offender because he had a 1987 misdemeanor conviction for simple possession of marijuana. The convictions and sentences were affirmed. *State v. Scott,* 303 S.C. 360, 400 S.E.2d 784 (Ct.App.1991).

Respondent filed a PCR application dated January 2, 1995. At a PCR hearing in February 1997, respondent testified he was arrested on Christmas Day in 1987 and charged with the possession of a single joint of marijuana. He was released almost immediately on a personal recognizance bond. The only court record either respondent or the State could find on the 1987 case was a copy of respondent's criminal record showing that he "forf $218" on the marijuana charge.

The PCR judge concluded the disposition of the 1987 marijuana charge was a bond forfeiture—not a conviction—because S.C.Code Ann. § 44–53–470 (1985)[1] does not define "conviction" to include a bond forfeiture. The judge reasoned that by defining a bond forfeiture as the equivalent of a conviction in other second offense statutes, such as statutes prohibiting driving under the influence of alcohol (DUI), the Legislature must have intentionally omitted bond forfeitures from the definition of second offense in Section 44–53–470. Consequently, the judge vacated respondent's sentence and ordered that he be resentenced as a first offender on the 1989 cocaine trafficking charge.

## ISSUE

Did the PCR judge err in holding that respondent was improperly sentenced for a second offense because his prior 1987 marijuana case did not result in a conviction?

---

1. Section 44–53–470 states:

   An offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any State or Federal statute relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

252

## DISCUSSION

The State contends the PCR judge erred in granting respondent's application because respondent was convicted of simple possession of marijuana in 1987. It was a conviction—not a bond forfeiture—and the penalty for that conviction was the forfeiture of his bond. Therefore, the State argues, respondent properly was sentenced as a second offender in the 1989 cocaine trafficking case. The State also contends respondent has failed to meet his burden of proof. We disagree.

■■ "To establish a claim of ineffective assistance of trial counsel, a PCR applicant has the burden of proving counsel's representation fell below an objective standard of reasonableness and, but for counsel's errors, there is a reasonable probability that the result at trial would have been different.... A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Johnson v. State*, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Thus, a PCR applicant must show both error and prejudice to win relief in a PCR proceeding.

■■ The burden is on the applicant in a post-conviction proceeding to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 334 S.E.2d 813 (1985). An appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value. *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). However, an appellate court will not affirm the decision when it is not supported by any probative evidence. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

### A. ERROR

■ We agree with the PCR judge that respondent's 1987 marijuana case was a bond forfeiture, not a conviction. The only available court record shows that respondent "forf $218" on the charge. A further indication that respondent forfeited a bond is that $218 is the maximum bond forfeiture a magistrate may confirm as a judgment. S.C.Code Ann. § 17–15–170 (Supp.1997). The question, then, is whether the trial

judge was required to treat that bond forfeiture as a conviction.

"In the interpretation of statutes, our sole function is to determine and, within constitutional limits, give effect to the intention of the legislature, with reference to the meaning of the language used and the subject matter and purpose of the statute." *State v. Ramsey,* 311 S.C. 555, 561, 430 S.E.2d 511, 515 (1993). "A basic presumption exists that the legislature has knowledge of previous legislation when later statutes are passed on a related subject." *Berkebile v. Outen,* 311 S.C. 50, 53, 426 S.E.2d 760, 762 (1993); *accord Bell v. South Carolina State Highway Dep't,* 204 S.C. 462, 30 S.E.2d 65 (1944), *overruled on other grounds in McCall by Andrews v. Batson,* 285 S.C. 243, 329 S.E.2d 741 (1985). Furthermore, penal statutes must be construed strictly against the State in favor of the defendant. *Williams v. State,* 306 S.C. 89, 410 S.E.2d 563 (1991).

The Court of Appeals, in deciding that a bond forfeiture in a traffic case may not be used as an admission or for impeachment purposes in a subsequent civil case, distinguished a conviction or guilty plea from a bond forfeiture.

A forfeiture by its very nature differs from a guilty plea because it involves the failure of a person to act rather than an affirmative act admitting wrongdoing. It may also result from any of a variety of reasons, other than the intention to either make an admission or imply one by "silence," e.g., the cost of defense as well as the indirect economic loss and inconvenience of a court appearance as compared with the consequence of a forfeiture.

*Samuel v. Mouzon,* 282 S.C. 616, 620, 320 S.E.2d 482, 485 (Ct.App.1984).

Similarly, a Louisiana court stated in a defamation case that "[a] conviction is a judicial determination of guilt. A forfeiture of bond is a decision by the person charged not to appear for trial, thereby avoiding a judicial determination of guilt or innocence." *Hopkins v. Keith,* 348 So.2d 999, 1002 (La.Ct. App.1977) (affirming summary judgment for defendant newspaper sued because story failed to fully distinguish between bond forfeiture and conviction, a distinction that is unclear to much of the public). *See also* 8A Am.Jur.2d *Bail and Recognizance* § 113 (1997) (bond forfeiture proceeding "does not involve the guilt or innocence, conviction or acquittal, of any

person.... Rather, a bail bond forfeiture and the judgment thereon against a surety is a civil action to enforce the surety's contract with the state"); 8 C.J.S. *Bail* §§ 5, 160–178 (1988) (discussing purpose and forfeiture of bail bond).

This Court has held that a bond forfeiture is equivalent to a conviction when the Legislature has defined it as a conviction by statute. *See State v. Smith,* 276 S.C. 494, 280 S.E.2d 200 (1981) (noting that statute makes a bond forfeiture in a DUI case equivalent to a conviction); *Southern Farm Bureau Casualty Ins. Co. v. Ausborn,* 249 S.C. 627, 636, 155 S.E.2d 902, 907 (1967) (concluding an insured made false statements on application by not revealing bond forfeitures, which were defined as convictions under two statutes); *State v. Langford,* 223 S.C. 20, 25, 73 S.E.2d 854, 856 (1953) (explaining how Legislature closed a loophole in 1947 by defining a conviction under DUI statutes to include bond forfeitures).[2]

We have found no case in South Carolina or elsewhere, and the parties have cited none, in which a court explicitly declared that a bond forfeiture is equivalent to a conviction, absent a statute declaring it to be a conviction. The Legislature presumably was aware it had defined a conviction to include bond forfeitures in other statutes.[3] *See Berkebile v. Outen, supra.*

---

**2.** Other states have reached the same conclusion. *E.g., Fetters v. Degnan,* 250 N.W.2d 25 (Iowa 1977) (bond forfeiture is equivalent to a conviction in DUI case because lawmakers defined it as a conviction under DUI statutes); *Bennett v. Mississippi,* 528 So.2d 815 (Miss.1988) (same); *Pryor v. David,* 436 S.W.2d 3 (Mo.1969) (same); *City of Minot v. Mattern,* 449 N.W.2d 560 (N.D.1989) (same); *Virginia v. Brumfield,* 224 Va. 250, 295 S.E.2d 878 (1982) (same); *In re Sparks,* 25 N.C.App. 65, 212 S.E.2d 220 (1975) (same); *Illinois v. Harvey,* 5 Ill.App.3d 499, 285 N.E.2d 179 (1972) (same); *see also Olim v. Mayberry,* 524 P.2d 24 (Okla.1974) (upholding constitutionality of statute making bond forfeiture a conviction in traffic offenses); *Pigue v. Florida,* 567 So.2d 530 (Fla.Dist.Ct.App.1990) (concluding it was error to assess sentencing points for a bond forfeiture where sentencing rules did not define conviction to include a bond forfeiture).

**3.** Criminal statutes in which the Legislature appears to recognize the distinction between a bond forfeiture and a conviction include: S.C.Code Ann. § 56–5–2940 (Supp.1997) (prior offense includes conviction, guilty plea, nolo contendere plea, or bond forfeiture in DUI case in South Carolina or any other state); S.C.Code Ann. § 56–1–630(3) (1991) (defining bond forfeiture as a conviction for purposes of report-

We conclude the Legislature did not intend for a bond forfeiture to be the equivalent of a conviction under Section 44–53–470. We further conclude the record contains probative evidence supporting the PCR judge's conclusion that respondent's trial attorney erred in failing to challenge the trial judge's decision to treat the 1987 marijuana bond forfeiture as a first offense.

## B.  PREJUDICE

■ The trial judge, treating the 1987 marijuana case as respondent's first conviction, sentenced respondent as a second offender to thirty years in prison and a $50,000 fine on the 1989 cocaine trafficking conviction.  The maximum sentence a defendant faces for a first offense under Section 44–53–370(e) is ten years and a $25,000 fine.[4]  We conclude the record contains probative evidence supporting the PCR judge's con-

---

ing traffic convictions to other states); S.C.Code Ann. § 56–1–1310 (1991) (defining "convicted" under statutes governing provisional drivers' licenses to include conviction, bond forfeiture, guilty plea, and nolo contendere plea); S.C.Code Ann. § 56–5–2780(B) (Supp.1997) (defendant guilty of passing stopped school bus if he is convicted, enters guilty or nolo contendere plea, or forfeits bond); S.C.Code Ann. § 56–5–6220 (1991) (entry of guilty plea, nolo contendere plea, or forfeiture of bond. for violation of any traffic law shall have same effect as a conviction); S.C.Code Ann. § 61–6–4220 (Supp.1997) (prior offense includes conviction, guilty plea, nolo contendere plea, or bond forfeiture in alleged · violation of any state or federal law relating to sale and distribution of alcoholic liquors).

Licensing statutes in which the Legislature has defined a bond forfeiture as the equivalent of a conviction include: S.C.Code Ann. § 23–6–440(B)(4) (Supp.1997) (licensing of law enforcement officers); S.C.Code Ann. § 40–15–190(A)(2) (Supp.1997) (licensing of dentists); S.C.Code Ann. § 40–38–220(2) (1986) (licensing of optometrists); S.C.Code Ann. § 40–38–220(2) (1986) (licensing of opticians); S.C.Code Ann. § 40–55–150(A)(2) (Supp.1997) (licensing of psychologists); S.C.Code Ann. § 40–61–90(2) (1986) (licensing of environmental sanitarians); S.C.Code Ann. § 40–63–110(2) (Supp.1997) (licensing of social workers); S.C.Code Ann. § 40–69–140(24) (Supp.1997) (licensing of veterinarians); S.C.Code Ann. § 40–75–170(A)(2) (Supp.1997) (licensing of professional counselors).

4.  The Legislature increased the penalties in July 1988 for certain drug trafficking convictions, including those applicable in this case.  Act No. 565, 1988 Acts 4903.  The same penalties remain in effect today. S.C.Code Ann. § 44–53–370(e)(2)(a) (Supp.1997).

clusion that respondent was prejudiced by his trial attorney's error.

## CONCLUSION

We affirm the PCR judge's decision and remand the case for respondent to be resentenced as a first offender.

AFFIRMED.

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.