560 S.E.2d 899

RICHLAND COUNTY, Appellant,

v.

Willie D. SIMPKINS, Respondent.

Richland County, Appellant,

v.

Larry Miller, Respondent.

Richland County, Appellant,

v.

Jason Brewer, Respondent.

Richland County, Appellant,

v.

Sidney Gist, Respondent.

Richland County, Appellant,

v.

Clint E. Starnes, Respondent.

Richland County, Appellant,

v.

John H. Johnson, Jr., Respondent.

Richland County, Appellant,

v.

Michael D. Muse, Respondent.

Richland County, Appellant,

v.

Richard R. Jordan, Respondent.

Richland County, Appellant,

v.

Michael Johnson, Respondent.

No. 3456.

Court of Appeals of South Carolina.

Heard Jan. 10, 2002.

Decided March 4, 2002.

Larry C. Smith and Bradley T. Farrar, both of Richland County Attorney's Office, of Columbia, for appellant.

Harry T. Heizer, Jr., of Columbia, for respondent.

PER CURIAM:

Numerous owners of businesses cited for violations of the Richland County Sexually Oriented Businesses Ordinance (the ordinance) forfeited their bonds, previously tendered to the magistrate's court, in lieu of appearing at their subsequent hearings. Richland County (the County) sought to try these business owners in their absence. The magistrate accepted bond forfeiture as the final disposition of the cases. The County appealed to the circuit court. The circuit court consolidated the appeals and affirmed the magistrate. The County appeals. We likewise affirm.

## FACTS/PROCEDURAL BACKGROUND

The County charged Willie D. Simpkins and eight other defendants (the Respondents) for violations of the ordinance including the operation of a sexually-oriented business (SB) without a license and the operation of an SB within 1,000 feet of a residential district.[1]

The County used the Uniform Ordinance Summons for issuing the citations, as authorized by statute. *See* S.C.Code. Ann. § 56–7–80(A) (Supp.2001) ("Counties and municipalities are authorized to adopt by ordinance and use an ordinance summons ... for the enforcement of county and municipal ordinances.") The Uniform Ordinance Summons reads as follows:

1. You may post bond by delivering cash to the Court shown on this summons PRIOR to the trial date.

2. You may mail the required bond in the form of a Cashier's Check or Money Order made payable to the Court at the address shown above. Personal Checks are NOT accepted. It is your responsibility to make sure that any bond posted by mail is RECEIVED by the Court PRIOR to your assigned trial date. For proper credit, write the Summons Number o[n] your payment.

3. Posting a bond prior to the trial date in no way affects your right to a trial on the charges brought against you. You may have a trial by the Judge on the assigned trial date

---

1. By agreement of the parties, the record contains one representative copy of the subject citations, orders, and other relevant documentation.

or, if you make a WRITTEN request PRIOR to trial, by jury.

4. The Court may impose a fine which is higher or lower than the amount of Bond shown above. If you have posted the required bond and do not appear on the trial date, your bond may be forfeited.

FAILURE TO APPEAR BEFORE THE COURT WITHOUT FIRST HAVING POSTED BOND OR WITHOUT HAVING BEEN GRANTED A CONTINUANCE BY THE COURT MAY RESULT IN A BENCH WARRANT BEING ISSUED FOR YOUR ARREST. IN ADDITION, YOU MAY BE CHARGED WITH A SEPARATE CRIMINAL OFFENSE "FAILURE TO APPEAR AS REQUIRED BY CITATION" AND UPON CONVICTION MAY BE FINED UP TO $200 PLUS COSTS OR IMPRISONED FOR UP TO 30 DAYS.

The summonses each required a $425.00 bond and all of the Respondents posted the bond amounts with the court prior to their trial dates. Additionally, each Respondent requested a jury trial.

The Respondents failed to appear at their respective trials. Their counsel, however, appeared on their behalf and requested the magistrate accept bond forfeiture in lieu of an adjudication of guilt. The County requested the magistrate try the Respondents in their absence. The magistrate accepted forfeiture of the bond as the final disposition in each case.

In its appeal to the circuit court, the County argued bond forfeiture was not an acceptable final disposition because there was no adjudication of guilt. The circuit court affirmed the magistrate. The County appeals.

## STANDARD OF REVIEW

"In criminal appeals from magistrate or municipal court, the circuit court does not conduct a *de novo* review, but instead reviews for preserved error raised to it by appropriate exception. In reviewing criminal cases, this court may review errors of law only." *State v. Henderson,* 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct.App.2001) (citations omitted).

## DISCUSSION

■ The County argues because a bond forfeiture is not an adjudication of the merits of the charges, forfeiture of a bond should not be accepted as a final disposition of a criminal prosecution under its Uniform Citation Summons. The County maintains that a bond forfeiture cannot be used for impeachment purposes or in subsequent prosecutions.[2] Furthermore, the County complains it cannot, without an adjudication of guilt, obtain injunctive relief against the Respondents. The County also argues the magistrate's decision potentially opens a Pandora's Box permitting defendants summoned under a Uniform Ordinance Summons to escape conviction by forfeiting bond.

■ Generally, a person indicted for a misdemeanor may voluntarily waive his right to be present at trial and may be tried in his absence upon a finding of the court that (1) such person has received notice of his right to be present, and (2) a warning has been given that the trial would proceed in his absence upon a failure to attend the court. Rule 16, SCRCrimP. *See also Brown v. Malloy*, 345 S.C. 113, 121, 546 S.E.2d 195, 199 (Ct.App.2001) (citations omitted) ("Due process is flexible and calls for such procedural protections as the particular situation demands. The requirements of due process include notice. . . .").

The only notice of potential sanctions the Respondents faced in the event they failed to appear at their respective trials was in the Uniform Ordinance Summons. The Respondents do not dispute they received the summonses. Rather, they assert that bond forfeiture is a permissible resolution pursuant to the Uniform Ordinance Summons. *See* S.C.Code Ann. § 56-7-80(E) (Supp.2001) ("Acceptance of an ordinance summons

---

**2.** Generally, the fact that a person has forfeited bond cannot be received into evidence as an admission or for impeachment purposes in a subsequent civil case. *Samuel v. Mouzon*, 282 S.C. 616, 621, 320 S.E.2d 482, 485 (Ct.App.1984). However, if a specific statutory provision equates a bond forfeiture to a conviction, as in traffic cases involving driving under the influence of alcohol, a bond forfeiture has the same effect as a conviction or a guilty plea. *See Scott v. State*, 334 S.C. 248, 254, 513 S.E.2d 100, 103 (1999) (stating that a bond forfeiture is equivalent to a conviction when the legislature so defines it).

constitutes a person's recognizance to comply with the terms of the summons.").

The Uniform Ordinance Summons describes limited risk to its recipient after he posts the requisite bond. Option four states, "If you have posted the required bond and do not appear on the trial date, your bond *may* be forfeited." (emphasis added). The recipient is warned that failure to appear *without having posted a bond* may result in a bench warrant for his arrest and additional criminal charges.

However, these penalties, including the bond forfeiture itself, are within the magistrate's discretion. There is no provision in the summons or in its enabling statute forewarning of a trial in the defendant's absence for failure to appear after posting a bond.

Nevertheless, the County produced a copy of the standard Bail Proceeding Form, which specifically states that a bonded defendant who fails to appear acknowledges that trial will proceed in his absence. This form is irrelevant to the facts at hand. Here, the only document before the court is the Uniform Ordinance Summons.

The Uniform Ordinance Summons is a County document. It informs the named defendant of the ordinance allegedly violated and the court having jurisdiction. It also notifies the defendant of his basic rights to proceed. *See* S.C.Code Ann. § 56–7–80(D) (Supp.2001) ("Service of a uniform ordinance summons vests all magistrates' and municipal courts with jurisdiction to hear and dispose of the charge for which the ordinance summons was issued and served."). The summons is inadequate for the County's attempted use. There is no warning on the face of the summons advising a defendant that has posted bond that he could be tried in his absence.

Furthermore, the County is not required to use the Uniform Ordinance Summons. *See* S.C.Code Ann. § 56–7–80(G) (Supp. 2001) ("This statute does not prohibit a county or municipality from enforcing ordinances by means otherwise authorized by law.").[3] If the County had adequately notified the Respon-

---

**3.** As noted by the magistrate in his return to the circuit court, we see no reason why the county could not have enforced its ordinance by

dents in the summonses or otherwise, our review of the magistrate's disposition most probably would have been different. However, because the Uniform Ordinance Summons grants the magistrate the discretion to accept bond forfeiture as the disposition of the case, we find no error of law. Accordingly, the orders on appeal are

**AFFIRMED.**

CURETON, STILWELL and SHULER, JJ., concur.

issuance of an arrest warrant, which would have precluded bond forfeiture as a final disposition.