**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Demetrius Lewis, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2011-201107

Appeal From Richland County
James C. Williams, Jr., Plea Court Judge
L. Casey Manning, Post-Conviction Relief Judge

Unpublished Opinion No. 2016-UP-131
Heard November 2, 2015 – Filed March 9, 2016

**REVERSED**

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Interim Senior Assistant Deputy Attorney General John Benjamin Aplin, and Assistant Attorney General James Clayton Mitchell, III, all of Columbia, for Petitioner.

Aimee Jendrzejewski Zmroczek, of A.J.Z. Law Firm, LLC, of Columbia, for Respondent.

**PER CURIAM:**  In this post-conviction relief (PCR) case, we granted certiorari to review the PCR court's grant of relief for Demetrius A. Lewis.[1]  We reverse.

A Richland County grand jury indicted Lewis for armed robbery, four counts of kidnapping, unlawful carrying of a pistol, possession of a pistol by a person under twenty-one years of age, possession of a stolen pistol, possession with intent to distribute (PWID) marijuana, and PWID marijuana within proximity of a school or park.  On October 15, 2007, Lewis pled guilty as indicted.  The plea court sentenced Lewis concurrently to fourteen years' imprisonment for armed robbery and each of the kidnapping charges; five years' imprisonment for possession of a pistol by a person under twenty-one years of age, possession of a stolen pistol, PWID marijuana, and PWID marijuana within proximity of a school or park; and one year of imprisonment for unlawful carrying of a pistol.

Lewis filed a direct appeal, which this court dismissed pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991).  Lewis subsequently filed a PCR application.  At the PCR hearing, Lewis' plea counsel testified the solicitor offered Lewis a plea bargain of ten years' imprisonment, which Lewis rejected approximately one month before pleading guilty.  No other witnesses testified regarding the solicitor's offer.  The PCR court found it unbelievable that Lewis would have rejected the solicitor's plea offer and found Lewis' plea counsel was ineffective because he either failed to inform Lewis of the offer or failed to inform the solicitor of Lewis' acceptance of the offer.[2]  The PCR court granted relief and ordered re-sentencing consistent with the ten-year offer.[3]  This court granted the State's petition for a writ of certiorari.

"In a PCR proceeding, the applicant bears the burden of establishing that he or she is entitled to relief." *Lomax v. State*, 379 S.C. 93, 100, 665 S.E.2d 164, 167 (2008).  "In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision." *Kolle v. State*, 386 S.C. 578, 589, 690 S.E.2d 73, 79 (2010).  "An appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value." *Scott v. State*, 334 S.C. 248, 252, 513 S.E.2d 100,

---

[1]  In the record, Lewis' first name is also spelled Demetreus.

[2] The PCR court also granted relief on two other grounds; however, at oral argument, Lewis conceded the PCR court erred in granting relief on those grounds.

[3] The PCR court also found Lewis' crimes were non-sexual and ordered Lewis's name be removed from the South Carolina Sex Offender Registry.  The State does not appeal this finding.

102 (1999). "However, an appellate court will not affirm the decision when it is not supported by any probative evidence." *Id.*

We find Lewis failed to carry his burden of proof at the PCR hearing. The only evidence concerning the solicitor's ten-year offer was the testimony of Lewis' plea counsel that Lewis rejected the offer approximately one month before pleading guilty. Lewis did not offer any evidence controverting his plea counsel's claim that he had rejected the plea offer. Thus, there is no evidence of probative value to support the PCR court's finding that Lewis' plea counsel either failed to inform Lewis of the offer or failed to inform the solicitor of Lewis's acceptance of the offer.

Accordingly, the PCR court's order granting Lewis' application is

**REVERSED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**