657 S.E.2d 771

**Larry LORENZEN, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 26438.

Supreme Court of South Carolina.

Submitted Dec. 6, 2007.

Decided Feb. 11, 2008.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Lance S. Boozer, of Columbia, for Petitioner.

Appellate Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Respondent.

Justice BEATTY.

In this post-conviction relief (PCR) case, the Court granted the State's petition for certiorari to review the PCR judge's decision granting relief with respect to Larry Lorenzen's convictions for first-degree criminal sexual conduct (CSC) with a minor and second-degree criminal sexual conduct (CSC) with a minor. We reverse.

## FACTS

At trial, the following facts were established regarding the charges. The victim, who was fourteen years old at the time of trial, testified Lorenzen was a family friend who regularly spent time with her mother and often visited her father at his separate residence. The victim claimed that when she was left alone with Lorenzen: (1) he began touching her "privates" when she was nine years old; (2) he digitally penetrated her when she was ten years old; and (3) he attempted to have sexual intercourse with her when she was eleven years old. A few weeks after the sexual intercourse incident, the victim told her mother, a school teacher, and the school psychologist about the abuse.

Subsequently, school officials reported the victim's allegations of sexual abuse to the Aiken County Sheriff's Department. After the initial interview, the victim was immediately examined by an emergency room doctor. Two weeks later, a physician with the Lexington County Children's Center examined the victim to determine whether she had been subjected to chronic sexual abuse. Neither examination revealed physical evidence of sexual assault. However, both physicians

testified that the absence of such evidence did not necessarily negate the victim's allegations of sexual abuse.

After the abuse had been revealed, the victim was involved in several violent incidents with family members and others which resulted in her being committed to the Department of Juvenile Justice (DJJ).

Dr. Kay Jordan, a counselor specializing in child sexual abuse, was qualified as an expert witness for the State. Dr. Jordan testified that she had eighteen counseling sessions with the victim between July 2000 and December 2000. According to Dr. Jordan, the victim exhibited symptoms of sexual abuse in that she had nightmares, flashbacks, and became violent. Based on her sessions, Dr. Jordan diagnosed the victim with post-traumatic stress disorder. Dr. Jordan explained that her diagnosis was also based on the victim's history of psychiatric treatment for these symptoms which began when the victim was nine or ten years old.

Lorenzen declined to testify in his defense and did not offer any witnesses. The jury convicted Lorenzen of first-degree CSC with a minor, second-degree CSC with a minor, and lewd act upon a child. The trial judge, however, granted defense counsel's motion for a new trial on the lewd act upon a child charge because the State failed to offer evidence that Lorenzen was over the age of fourteen years when the act occurred. On the two remaining charges, the judge sentenced Lorenzen to life in prison without the possibility of parole pursuant to section 17–25–45 of the South Carolina Code.[1]

After the Court of Appeals affirmed his convictions and sentence, Lorenzen filed an application for post-conviction relief. *State v. Larry Lorenzen*, Op. No. 2003–UP–436 (S.C.Ct.App. filed June 25, 2003).

At the PCR hearing, Lorenzen testified that he believed his trial counsel should have retained an expert witness to: (1)

---

1. The solicitor sought a sentence of life in prison without the possibility of parole pursuant to section 17–25–25 of the South Carolina Code based on Lorenzen's prior conviction for armed robbery. *See* S.C.Code Ann. § 17–25–45(A)(I), (C)(1) (2003 & Supp.2007) (statute permitting the State to seek a sentence of life without the possibility of parole if the person has one or more prior convictions for a "most serious offense," which includes the offense of armed robbery).

examine him in order to prove that he was not a pedophile; (2) discuss the lack of physical evidence of sexual abuse; (3) delve into the psychological issues of the victim; and (4) challenge Dr. Jordan's testimony. Lorenzen also stated that it would have been helpful for the jury to have heard that the victim's father was on the sexual offender registry. Lorenzen further asserted that it might have made a difference if he had testified at trial. However, he admitted the "case was stacked against" him at the point he would have testified. He ultimately asserted that counsel's "performance prejudiced [him] such that it rendered the proceeding fundamentally unfair."

During her testimony, trial counsel admitted that Lorenzen's case was only her third jury trial and her first trial involving a sex crime. She testified she had become more experienced with this type of case since Lorenzen's trial. Specifically, she had learned that it is helpful to have the defendant examined by a forensic psychologist in order to assess the person's propensity for engaging in the alleged sexually-deviant behavior. Additionally, she believed it would have been beneficial for an independent doctor to review the victim's medical records. In terms of the victim's records, counsel stated she had the records from the victim's sessions with the sexual abuse counselor as well as the records from the psychological facilities that treated the victim. Counsel, however, stated the victim's police interview was not video-taped, which she now knew was part of the suggested protocol in child victim cases. She also acknowledged that expert witnesses could have been called to counter Dr. Jordan's testimony. Counsel further testified she was not aware at the time of trial that the victim's father was on the sexual offender registry. Had she known this fact, counsel stated she would have cross-examined the State's expert witness regarding the possibility that the victim was abused by her father. Finally, counsel informed the court that the public defender's office was short staffed at the time of trial. As a result, she did not have a more experienced public defender assisting her during the trial.

The PCR judge granted Lorenzen's application for relief. The judge found that "trial counsel did not adequately prepare for the trial and the defense of [the] charges." In reaching this decision, the judge noted that counsel was not only

"lacking in experience," but "she was also lacking in assistance at the office." In terms of the specifics of trial counsel's performance, the judge addressed several areas where he felt counsel was deficient.

Specifically, the judge found counsel failed to: (1) retain or even consult with an expert witness; (2) conduct an investigation to determine whether another individual, particularly the victim's father who was listed on the sexual offender registry, could have been responsible for sexually abusing the victim; (3) have Lorenzen submit to a polygraph examination in order to assist in the defense; (4) obtain the minor victim's records from the sexual abuse counselor, the Department of Juvenile Justice, and the Department of Social Services; and (5) meet with the minor child prior to trial.

Ultimately, the judge concluded that "[a]ll of these short-comings are problematic. While no individual failure alone would be a ground for granting this PCR, the cumulative neglect is severe." In reaching his decision to grant Lorenzen's petition for relief, the judge relied on this Court's opinion in *Nance v. Frederick*, 358 S.C. 480, 596 S.E.2d 62 (2004).[2] The judge recognized that Lorenzen's counsel was

---

2. In *Nance,* the defendant was convicted and received a sentence of death for murder, first-degree CSC, assault and battery with intent to kill, first-degree burglary, and armed robbery. After the circuit court denied Nance's application for post-conviction relief, he petitioned for certiorari. This Court granted certiorari and reversed the PCR judge's order on the ground Nance's trial counsel was ineffective in that he failed to challenge the prosecution's case against Nance. The United States Supreme Court vacated this Court's opinion and remanded the case for consideration in light of *Florida v. Nixon,* 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). *Ozmint v. Nance,* 543 U.S. 1043, 125 S.Ct. 868, 160 L.Ed.2d 763 (2005).

Pursuant to the Supreme Court's mandate, this Court found the case represented "one of the rare cases where counsel 'entirely fails to subject the prosecution's case to meaningful adversarial testing.' More-over, counsel did not act as an adversary to the prosecution's case, but instead helped to bolster the case *against* his client." *Nance v. Ozmint,* 367 S.C. 547, 553, 626 S.E.2d 878, 881 (2006), *cert. denied,* — U.S. ——, 127 S.Ct. 131, 166 L.Ed.2d 253 (2006). Specifically, this Court found Nance's trial counsel was deficient in the following respects: (1) counsel was taking several prescription medications during the trial which resulted in impaired memory, lack of sleep, and sedation; (2) counsel provided Nance's expert witness with Nance's medical records just a few hours before the trial; (3) during his opening statement

not as deficient as counsel in *Nance.* However, he found Lorenzen's counsel's "failure to properly and adequately prepare for the trial and prepare [Lorenzen's] defense in general amounted to a complete denial of counsel and failed to subject the prosecution's case to a meaningful adversarial testing." Based on this assessment, the judge granted Lorenzen's application "because, essentially, trial counsel was ineffective for failing to prepare and present [Lorenzen's] case as required under the Sixth Amendment."

This Court granted the State's petition for certiorari to review the PCR judge's decision.

## DISCUSSION

 A defendant has the right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Ard v. Catoe,* 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 370, —— L.Ed.2d —— (2007).

 In a PCR proceeding, the applicant bears the burden of establishing that he is entitled to relief. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000). "[P]etitioner must meet the standard established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Edmond v. State,* 341 S.C. 340, 346, 534 S.E.2d 682, 685 (2000). In order to establish a claim of ineffective assistance of

counsel informed the jury that he was appointed as a public defender and did not ask for the case; (4) counsel called a correctional officer as a witness who testified regarding Nance's only incident of misbehavior in jail; (5) counsel called Nance's sister to testify without preparing her to testify and eliciting testimony that Nance was an abnormal child who, among other things, killed the family's pets; and (6) counsel referred to Nance during closing arguments as a "sick" man who did "sick things." Based on the these deficiencies, this Court granted Nance a new trial. The Court found "there was a total breakdown in the adversarial process" and, thus, presumed that Nance was prejudiced. *Id.* at 555, 626 S.E.2d at 882.

counsel, the PCR applicant must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Caprood,* 338 S.C. at 109, 525 S.E.2d at 517 (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Ard,* 372 S.C. at 331, 642 S.E.2d at 596. "Furthermore, when a defendant's conviction is challenged, 'the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt.'" *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

 "This Court gives great deference to the post-conviction relief (PCR) court's findings of fact and conclusions of law." *Dempsey v. State,* 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005). A PCR court's findings will be upheld on appeal if there is "any evidence of probative value sufficient to support them." *Id.* This Court will reverse the PCR court's decision when it is controlled by an error of law. *Sheppard v. State,* 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004).

 Generally, an applicant must show actual prejudice under *Strickland.* The United States Supreme Court and this Court have recognized that in certain limited circumstances "'prejudice is presumed' because prejudice 'is so likely that case-by-case inquiry … is not worth the cost.'" *Nance,* 367 S.C. at 551, 626 S.E.2d at 880 (quoting *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052); *Cronic,* 466 U.S. at 658, 104 S.Ct. 2039. In analyzing these narrow circumstances, this Court explained:

> In *Cronic,* the Court identified three distinct situations in which a presumption of prejudice is appropriate. First, prejudice is presumed when the defendant is completely denied counsel "at a critical stage of his trial." *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039, 80 L.Ed.2d 657. Second, per-se prejudice occurs if there has been a constructive denial of counsel. This happens when a lawyer "entirely fails to subject the prosecution's case to meaningful adversarial testing," thus making "the adversary process itself presumptively unreliable." *Id.* Third, the Court identified cer-

tain instances "when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *Id.* (citing *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)). A finding of per-se prejudice under any of these three prongs is "an extremely high showing for a criminal defendant to make." *Brown v. French,* 147 F.3d 307, 313 (4th Cir.1998).

*Nance,* 367 S.C. at 552, 626 S.E.2d at 880. Although an applicant "must ordinarily show actual prejudice, he may be relieved of that burden if counsel's ineffectiveness is so pervasive as to render a particularized prejudice inquiry unnecessary." *Green v. State,* 351 S.C. 184, 196, 569 S.E.2d 318, 324 (2002).

## I.

The State argues the PCR judge erred in finding that trial counsel was ineffective for failing to call expert witnesses during Lorenzen's trial. For several reasons, we agree with the State's assertion.

First, Lorenzen failed to present evidence that would show a reasonable probability that, but for counsel's failure to call expert witnesses, the result of his trial would have been different. Aside from his testimony and his trial counsel's testimony, Lorenzen did not offer any other witnesses to testify on his behalf at the PCR hearing. Therefore, it is merely speculative that these allegedly favorable expert witnesses would have aided in his defense. *See Dempsey v. State,* 363 S.C. 365, 369, 610 S.E.2d 812, 814 (2005) ("A PCR applicant cannot show that he was prejudiced by counsel's failure to call a favorable witness to testify at trial if that witness does not later testify at the PCR hearing or otherwise offer testimony within the rules of evidence."); *see also Porter v. State,* 368 S.C. 378, 386, 629 S.E.2d 353, 358 (2006) ("Mere speculation of what a witness' testimony may be is insufficient to satisfy the burden of showing prejudice in a petition for PCR.").

Secondly, counsel's failure to procure expert witnesses did not render her representation deficient given she vigorously cross-examined the State's witnesses and attacked the accuracy of the evidence. *See Frasier v. State*, 306 S.C. 158, 160–61, 410 S.E.2d 572, 573 (1991) (finding trial counsel was not deficient in failing to procure an expert witness to challenge DNA evidence presented at trial where the record established that counsel vigorously cross-examined the State's DNA experts and attacked the accuracy of the evidence). At trial, Lorenzen's counsel attacked the State's evidence through cross-examination as well as by positing objections when appropriate. Counsel also vigorously cross-examined Dr. Jordan, the State's expert witness. Significantly, Lorenzen admitted at the PCR hearing that counsel had brought out "some good points" during her cross-examination. Finally, it is noteworthy that counsel in preparing her case had the assistance of two public defenders. Neither public defender recommended or suggested that counsel retain expert witnesses for Lorenzen's defense.

Because Lorenzen failed to meet his burden that trial counsel was deficient and that the result of his trial would have been different but for this alleged deficiency, we hold the PCR judge erred in finding Lorenzen's counsel's failure to call expert witnesses was a critical error in the alleged cumulative errors that constituted ineffective assistance of counsel.

## II.

The State contends the PCR judge erred in finding Lorenzen's trial counsel was ineffective for failing to raise the fact that the victim's father was on the sexual offender registry. We agree with the State's contention.

Because the PCR judge admitted the registry without explanation over the State's objection, it is difficult to discern the basis for its admission. In any event, we conclude the sexual offender registry would not have been admissible at trial.

"Our Supreme Court has imposed strict limitations on the admissibility of third-party guilt." *State v. Mansfield*, 343 S.C. 66, 81, 538 S.E.2d 257, 265 (Ct.App.2000). "Evidence offered by a defendant as to the commission of the crime by another person is limited to facts which are inconsistent with

the defendant's guilt." *Id.* Recently, after Lorenzen's trial and PCR hearing, our United States Supreme Court clarified the above-outlined rule regarding the admission of third-party guilt in *Holmes v. South Carolina,* 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006). In *Holmes,* the Supreme Court considered the question of "whether a criminal defendant's federal constitutional rights are violated by [a South Carolina] evidence rule under which the defendant may not introduce proof of third-party guilt if the prosecution has introduced forensic evidence that, if believed, strongly supports a guilty verdict." *Id.* at 321, 126 S.Ct. 1727. The Supreme Court answered this question in the affirmative. The Court's holding essentially permits a defendant to introduce evidence of third-party guilt regardless of the strength of the State's case if the evidence meets the following criteria:

> [E]vidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no) other effect than to cast a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible.... [B]efore such testimony can be received, there must be such proof of connection with it, such a train of facts or circumstances, as tends clearly to point out such other person as the guilty party. 198 S.C., at 104–105, 16 S.E.2d, at 534–535 (quoting 16 C.J., Criminal Law § 1085, p. 560 (1918) and 20 Am.Jur., Evidence § 20 265, p. 254 (1939); footnotes omitted).

*Holmes,* 547 U.S. at 328, 126 S.Ct. 1727 (quoting *State v. Gregory,* 198 S.C. 98, 16 S.E.2d 532 (1941)).

Applying the foregoing to the facts of the instant case, we find the sexual offender registry listing the victim's father's name would not have been admissible under either a pre-or post-*Holmes* third-party guilt standard. Significantly, the victim's father was listed on the registry for committing the crime of assault with intent to commit criminal sexual conduct in the first degree which would have involved an adult victim whereas Lorenzen was charged with criminal sexual conduct with a minor. Lorenzen's counsel at the PCR hearing acknowledged there was nothing on the registry to indicate the

victim's father committed a crime against a child. Furthermore, Lorenzen's allegation that the victim's father may have been the perpetrator was so nebulous that it would have had no other effect than to "cast a bare suspicion." Therefore, we do not believe these facts would be inconsistent with Lorenzen's guilt or raise a reasonable inference of his innocence. Accordingly, we find the PCR judge erred in using this alleged error as a ground for finding Lorenzen's counsel ineffective.

## III.

The State avers the PCR judge erred in finding that Lorenzen's counsel was ineffective for failing to have Lorenzen submit to a polygraph examination. We agree with the State.

"This Court has consistently held the results of polygraph examinations are generally not admissible because the reliability of the tests is questionable." *State v. Council*, 335 S.C. 1, 23, 515 S.E.2d 508, 519 (1999), *cert. denied*, 528 U.S. 1050, 120 S.Ct. 588, 145 L.Ed.2d 489 (1999). Although this Court in *Council* declined to recognize a *per se* rule against the admission of polygraph evidence, it indicated that the "admissibility of this type of scientific evidence should be analyzed under Rules 702 and 403, SCRE and the *Jones* factors." *Id.* at 24, 515 S.E.2d at 520.

Initially, we note the polygraph issue was not presented to the judge by either Lorenzen or his counsel. Instead, the judge essentially sua sponte raised the issue. Given this procedural posture, it was mere speculation on the part of the PCR judge to find the admission of a favorable polygraph examination would have aided in Lorenzen's defense. Significantly, the PCR judge conceded that "[w]hile the result of any polygraph examination would obviously only be speculative, the fact that one was not performed is problematic." Without the results of a polygraph examination or any other evidence concerning its admission, it is difficult to definitively assess whether it would have been admissible at trial. Because this type of evidence is rarely admitted, we do not believe the facts would support its admission. Therefore, we find Lorenzen did not meet his burden to establish a claim of ineffective assistance of counsel based on this ground.

534

## IV.

The State argues the PCR judge erred in finding Lorenzen's counsel was ineffective for failing to obtain the victim's records from Dr. Jordan, the Department of Juvenile Justice, and the Department of Social Services. We agree with the State.

At the PCR hearing, Lorenzen's trial counsel specifically testified:

I had extensive records in this case provided to me by the State, not only from [Dr.] Jordan's visit with [the victim] but also from prior—I had the records of all of the physical exams that had been done as well as extensive records from [the victim's] prior commitments to certain psychological facilities and I believe that I had her D.J.J. records as well.

Additionally, counsel informed the PCR judge that she had the assistance of two other public defenders helping her prepare the case by extensively reviewing all of these records. Because there is no evidence in the record to support this finding, we hold the PCR judge clearly erred in relying in part on this ground to grant Lorenzen's application for relief. *See Scott v. State*, 334 S.C. 248, 252, 513 S.E.2d 100, 102 (1999) (stating "an appellate court will not affirm the decision when it is not supported by any probative evidence"); *see also Dempsey v. State*, 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005) (A PCR court's findings will be upheld on appeal if there is "any evidence of probative value sufficient to support them."). Furthermore, Lorenzen failed to show that counsel's review of additional records would have been beneficial to his defense. Lorenzen's claim that the records would have changed the result of his trial was speculative at best given he did not present evidence that other records existed or that the records reviewed by counsel included exculpatory evidence.

## V.

The State asserts the PCR judge erred in finding Lorenzen's counsel was ineffective for failing to interview the victim prior to trial. We agree with the State's assertion.

Initially, we note that Lorenzen failed to specifically raise this issue or present any evidence at the hearing that interviewing the victim would have led to a different result at trial.

Thus, we believe that Lorenzen's mere speculation was insufficient to meet his burden to establish that counsel was ineffective. *See Moorehead v. State,* 329 S.C. 329, 334, 496 S.E.2d 415, 417 (1998) ("Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result."). Finally, we note that counsel cross-examined the victim regarding her allegations. Counsel also thoroughly cross-examined Dr. Jordan concerning her counseling sessions with the victim and her ultimate diagnosis. Moreover, the victim's disclosure of the sexual abuse was corroborated by several other witnesses. Therefore, we conclude the PCR judge erred in finding that counsel's failure to interview the victim prior to trial constituted a basis for his decision that counsel was ineffective.

## CONCLUSION

Based on the foregoing, we conclude the PCR judge erred in granting Lorenzen's application for post-conviction relief. Because none of the alleged errors are meritorious, we hold the PCR judge incorrectly relied on *Nance* in finding that the cumulative effect of these alleged errors established a claim of ineffective assistance of counsel.[3] Accordingly, we reverse the order of the PCR judge.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

---

**3.** Although we recognize that whether the cumulation of several errors, "which by themselves are not prejudicial, would warrant relief is an unsettled question in South Carolina" we do not believe the facts of this case present an opportunity to definitively decide this question. *See Green v. State,* 351 S.C. 184, 197, 569 S.E.2d 318, 325 (2002); *Simpson v. Moore,* 367 S.C. 587, 604, 627 S.E.2d 701, 710 (2006) (citing *Green* and stating "[w]hether several errors, which are independently found not be prejudicial, may cumulatively warrant relief is an unsettled question in South Carolina").