THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Edmund Goins, Respondent,
 v.
 State of South Carolina, Petitioner.
 
 
 

Appeal From Cherokee County
 Doyet A. Early, III, Circuit Court Judge
Unpublished Opinion No. 2010-UP-339
Submitted May 3, 2010  Filed June 29,
 2010   
REVERSED

 
 
 
 Attorney General Henry D. McMaster, Chief Deputy Attorney General
 John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Molly R. Crum, all of Columbia, for Petitioner.
 Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: 
 This post-conviction relief (PCR) matter arises out of Respondent Edmund Goins'
 conviction for assault and battery with intent to kill (ABWIK) and two convictions
 of assault and battery of a high and aggravated nature (ABHAN), based on three
 indictments for ABWIK.  This court granted the State's petition for certiorari
 to address whether the PCR court erred in granting relief.  We reverse.[1]  
The State argues there is no probative evidence to support the
 finding that trial counsel was ineffective based on the combination of
 counsel's failure to present evidence regarding Goins' mental disorder and
 limited contact with Goins before trial.  Without deciding the ultimate reach
 of the cumulative error doctrine in the PCR context, we find it appropriate to
 resolve this case on the lack of prejudice.  See Porter v. McCollum,
 130 S.Ct. 447, 455-56 (2009) ("We do not require a defendant to show that
 counsel's deficient conduct more likely than not altered the outcome of [the
 trial], but rather that he establish a probability sufficient to undermine
 confidence in that outcome.") (internal quotations omitted); Strickland
 v. Washington, 466 U.S. 668, 697 (1984) ("[A] court need not determine
 whether counsel's performance was deficient before examining the prejudice
 suffered by the defendant as a result of the alleged deficiencies. . . .  If it
 is easier to dispose of an ineffectiveness claim on the ground of lack of
 sufficient prejudice, . . . that course should be followed."); Lorenzen
 v. State, 376 S.C. 521, 535, 657 S.E.2d 771, 779 (2008) (holding that where
 none of the errors alleged are meritorious, the PCR court erred in finding the
 cumulative effect of the alleged errors established a claim of ineffective
 assistance of counsel).
At the PCR hearing, Goins asserted that he was bipolar and that
 trial counsel should have investigated Goins' diagnosis and requested a
 competency evaluation.  While Goins also testified at his criminal trial that
 he was bipolar and manic depressive, we note Goins did not put forth any
 evidence that he was either insane at the time of the assaults or incompetent
 at the time of trial.  See Jeter v. State, 308 S.C. 230, 233, 417
 S.E.2d 594, 596 (1992) (affirming the denial of PCR where the petitioner failed
 to present live medical testimony at the PCR hearing to show "a reasonable
 probability that he was either insane at the time of the [incident] or
 incompetent at the time of [trial].") (internal quotation omitted); Daniel
 v. State, 282 S.C. 155, 158-59, 317 S.E.2d 746, 748 (1984) (reversing the
 grant of relief where there is no evidence showing that the failure of counsel
 to investigate the defendant's mental condition was prejudicial).  
Moreover, as to the relief granted on the ABWIK conviction, we
 find that the PCR court erred as a matter of law in determining that Goins was
 prejudiced by the failure to introduce the evidence at issue.  The PCR judge
 based his analysis upon the fact that a jury could interpret the applicant's
 conduct as impulsive and dangerous, but not with malice aforethought; thus, the
 court opined the jury could return a verdict of ABHAN, as opposed to the
 greater offense of ABWIK.  This partial responsibility analysis is tantamount
 to a recognition of the defense of diminished capacity, which we do not
 recognize in this state.  See Gill v. State, 346 S.C. 209, 220,
 552 S.E.2d 26, 32 (2001) (upholding the trial court's refusal to charge
 diminished capacity where Gill argued his borderline intellectual capacity
 affected his ability to achieve the requisite mens rea for the crime
 charged because South Carolina does not recognize the diminished capacity
 defense); State v. Santiago, 370 S.C. 153, 162, 634 S.E.2d 23, 28 (Ct.
 App. 2006) (finding the trial judge properly excluded testimony that Santiago's
 Asperger's disorder caused him to fear for his life because South Carolina does
 not recognize the diminished capacity defense).  Thus, while acknowledging
 Goins testified at his criminal trial about his bipolar mental condition and
 his manic depression, we find Goins failed to establish a probability sufficient
 to undermine confidence in the outcome of the trial.  See Porter,
 130 S.Ct. at 455-56.
As to
 the two ABHAN convictions, the PCR court erred in granting relief on Goins' two
 convictions for the lesser included offenses of ABHAN based on cumulative error,
 as there is no probative evidence of prejudice in the record to support those
 findings.  See Hutto v. State, 387 S.C. 244, 244, 692 S.E.2d 196,
 197 (2010) (stating a PCR court's ruling should be upheld on appeal only if it
 is supported by any evidence of probative value in the record); Lorenzen,
 376 S.C. at 535, 657 S.E.2d at 779.  
Based
 on the foregoing, the grant of post-conviction relief is 
REVERSED.
FEW, C.J., THOMAS, and PIEPER, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.