OPINION OF THE COURT
Bernard Fuchs, J.
Defendant was convicted by a jury on September 29, 1982 of murder, second degree, and attempted murder, second degree. For the two crimes he was sentenced to concurrent prison terms of 20 years to life and 4 to 12 years. His conviction was affirmed on appeal (118 AD2d 866). The present motion is to vacate the judgment of conviction on the ground that defendant was denied effective assistance of counsel, contrary to the Sixth Amendment of the US Constitution and article I, § 6 of the NY Constitution. (CPL 440.10 [1] [h].)
One form of ineffectiveness claimed by defendant is counsel’s alleged failure to communicate a plea offer to him. *551 According to defendant the offer was made at an off-the-record bench conference during a pretrial court appearance. The People find no indication of any plea offer in their records where such an offer would normally be noted and the issue has apparently never been raised before.
Failure to convey accurate information about a plea offer is indeed one factor "which will support a finding of ineffective assistance of counsel” (People v Reed, 152 AD2d 481 [1st Dept 1989]; see also, People v Dell, 60 AD2d 18 [4th Dept 1977]). And entire noncommunication of a plea offer has been said to constitute a deprivation of effective assistance. (People v Alexander, 136 Misc 2d 573 [Sup Ct, Bronx County 1987].) The distinction between inaccurate communication of a plea offer and none as a basis for relief is, however, difficult for this court to follow.
Defendant does not say that he would have accepted the alleged plea offer if it had been transmitted. (See, Rasmussen v State, 280 Ark 472, 658 SW2d 867 [1983].) No prejudice is therefore alleged by defendant from counsel’s claimed ineffectiveness. With no showing of prejudice, defendant’s motion cannot succeed. (Hill v Lockhart, 474 US 52, 57 [1985]; People v Dumas, 160 AD2d 720 [2d Dept 1990]; People v Sinatra, 148 AD2d 646 [2d Dept 1989].)
Under CPL 440.30 (4) (d) the court is free to reject defendant’s claim without a hearing when the essential allegation is made solely by defendant, "is unsupported by any other affidavit or evidence, and * * * under * * * all the * * * circumstances attending the case, there is no reasonable possibility that such allegation is true.” The allegation that defendant’s counsel failed to convey a plea offer appears only in defendant’s affidavit and memoranda of law. There is no other evidence to support it. There is even some slight evidence opposing it in the People’s statement that their records reveal no trace of a plea offer. And seven years elapsed after defendant was sentenced before he sought to advance this claim. His conviction of the top counts of the indictment never prompted him to raise the issue at sentencing or on appeal or even by an earlier motion to vacate judgment.
In the circumstances, there is no reasonable possibility that there was a plea offer.
[Portions of opinion omitted for purposes of publication.]