585 S.E.2d 278

**James W. SPROUSE, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 25692.

Supreme Court of South Carolina.

Submitted June 25, 2003.

Decided Aug. 11, 2003.

Assistant Appellate Defender Tara S. Taggart, of Columbia, for petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Chief, Capital & Collateral Litigation Donald Zelenka, Assistant Deputy Attorney General Allen Bullard, and Assistant Attorney General Douglas E. Leadbitter, all of Columbia, for respondent.

Chief Justice TOAL:

Petitioner, James W. Sprouse, argues that the post-conviction relief ("PCR") court erred in denying his application for PCR.

### FACTUAL/PROCEDURAL BACKGROUND

On May 22, 1998, Petitioner pled guilty to second-degree burglary, violent, in Newberry County ("Newberry plea"). Petitioner was represented by counsel and was sentenced to 12 years, suspended on service of 10 years, to run concurrent with all other sentences, and to begin running June 15, 1997. On June 2, 1998, Petitioner pled guilty to three counts of

second-degree burglary, violent, and one count of safecracking in Laurens County ("Laurens plea").[1] Petitioner was not represented by counsel during the Laurens plea, and was sentenced to 12 years for each offense, suspended on the service of 10 years, to run concurrent with each other and with the sentence Petitioner was already serving.[2]

At the Newberry plea, Eighth Circuit Assistant Solicitor Jerry Pearce described the State's agreement with Petitioner as follows:

The agreement we have reached with the defendant and his attorney is that he receive a sentence of 12 years, and that be suspended to 10 years, and that we would nol-pross the other charges on the indictment. That those charges would run concurrent with any charges he has pending in Laurens County, and that the sentence will begin on June 15, 1997. . . . *The sentence in Laurens would be nonviolent.*

(emphasis added). At the Laurens plea just a week or so later, Eighth Circuit Assistant Solicitor Benjamin L. Shealy classified the burglaries as violent offenses, and then recommended Petitioner be sentenced to 12 years suspended on service of 10 years, to run concurrent, beginning June 15, 1997.

Petitioner did not file a direct appeal from the Newberry or Laurens pleas. Petitioner filed an application for PCR, alleging that ineffective assistance of counsel caused his pleas to be involuntary. The PCR court denied relief, and this Court granted certiorari to review the following issue: [3]

---

1. Newberry County and Laurens County are both in the Eighth Judicial Circuit and, thus, the plea negotiations were handled by the same prosecuting authority, the Eighth Circuit Solicitor's office.

2. In addition to the burglary sentence resulting from the Newberry plea, Petitioner was serving a 10-year sentence for Assault and Battery with Intent to Kill. It is our understanding that all of Petitioner's sentences are concurrent to each other.

3. We have consolidated the issues raised by Petitioner into one question as each of the three issues on which the Court granted certiorari depends on resolution of whether or not the solicitor's office breached Petitioner's plea agreement. The Newberry and Laurens pleas hatch out of one string of crimes, and, based on Assistant Solicitor Pearce's description of the plea agreement to the Newberry plea judge, it

I. Did the PCR judge err in finding that Petitioner's pleas were voluntary despite Petitioner's claim that the State failed to honor the plea agreement it made with Petitioner on the Newberry and Laurens charges?

## LAW/ANALYSIS

Petitioner argues that the State failed to honor the plea agreement it made with him regarding his Newberry and Laurens burglary charges. He argues that this failure and the ineffective assistance of his Newberry attorney in failing to ensure that the State adhered to the plea agreement on the Laurens charges rendered both of his pleas involuntary. We agree.

In *Santobello v. New York,* the United States Supreme Court established that state prosecutors are obligated to fulfill the promises they make to defendants when those promises serve as inducements to defendants to plead guilty. 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In *Santobello,* the Assistant District Attorney negotiated with the defendant and agreed to permit him to plead guilty to a lesser-included offense, conviction of which would result in a maximum prison sentence of one year. 404 U.S. at 258, 92 S.Ct. at 497, 30 L.Ed.2d at 431. In addition, the prosecutor agreed to make no sentence recommendation. *Id.* The court accepted the guilty plea and set a date for sentencing. *Id.* At the sentencing, another prosecutor appeared for the state, and the prosecutor that originally negotiated the plea was not present. *Id.* at 259, 92 S.Ct. at 497, 30 L.Ed.2d at 431. This new prosecutor recommended that the judge impose the one-year maximum sentence in violation of the defendant's plea agreement with the original prosecutor. *Id.*

Recognizing the fundamental rights that a defendant forfeits when he pleads guilty, the Supreme Court made the following statements:

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant

---

appears all the offenses were contemplated together for purposes of negotiating the plea.

what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement of consideration, such promise must be fulfilled.

*Id.* at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. The Court found that the state had promised to abstain from making a sentencing recommendation, and that the promise of one prosecutor in the office bound all prosecutors in the office. *Id.* The Court found it unnecessary to engage in a prejudice analysis, concluding that "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the jury for further consideration." *Id.* at 262–63, 92 S.Ct. at 499, 30 L.Ed.2d at 433.

This Court has recognized the principles espoused in *Santobello* on numerous occasions. *State v. Thrift*, 312 S.C. 282, 440 S.E.2d 341 (1994); *State v. Thompson*, 278 S.C. 1, 5, 292 S.E.2d 581, 584 (1982) ("[*Santobello* ] stands for the proposition that when an accused pleads guilty upon the promise of a prosecutor, the agreement must be fulfilled.").[4] In *Thrift*, this Court contemplated the common problem of how to uncover the terms of an *oral* plea agreement. 312 S.C. 282, 440 S.E.2d 341. The Court resolved this issue prospectively by establishing a bright line rule limiting its review of plea agreements "to those terms which are fully set forth in the record." *Id.* at 295, 440 S.E.2d at 348.

In the present case, the PCR court denied Petitioner relief, finding his claim that the State failed to fulfill the terms of his negotiated plea to be "without credible evidentiary support." Based on this Court's holding in *Thrift*, this Court's review of a plea agreement is limited to the terms set forth in the record. During his recitation of Petitioner's plea agreement at the Newberry plea, Assistant Solicitor Pearce stated, "[t]he sentence in Laurens would be nonviolent."

In our opinion, the subsequent classification by Assistant Solicitor Shealy of the Laurens offenses as *violent* can only be

---

4. *See also United States v. Ringling,* 988 F.2d 504 (4th Cir.1993).

interpreted as a deviation from the original plea agreement.[5] The State argues that the classification of the Laurens offenses as violent was the result of further negotiations with Petitioner and represented a concession by Petitioner in return for the State agreeing to drop charges pending against his sister. Unfortunately, this *change* in the plea agreement is not represented in the record, and, in the face of *Thrift's* bright line rule, cannot be considered by this Court.

In *Santobello*, the Supreme Court applied what amounts to a *per se* prejudice analysis after it found the defendant's plea agreement had not been fulfilled. 404 U.S. at 262–63, 92 S.Ct. 495. The Court reasoned, "[w]e need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea." *Id.* at 262, 92 S.Ct. 495. Recognizing the "interests of justice" and the "duties of the prosecution in relation to promises made in the negotiation of pleas" would be best served by remanding the case to the state courts for one of two dispositions, the Court did not conduct a prejudice analysis. The Court indicated that the state court could either (1) require specific performance of the plea agreement or (2) allow Petitioner to withdraw his guilty plea altogether and start over. *Id.* at 263, 92 S.Ct. 495.

We choose to require specific performance of the plea agreement in this case. Here, requiring specific performance is the most efficient option because it eliminates the need for a new trial or new plea hearings, and also grants the parties nothing more and nothing less than the benefit for which they originally bargained.

#### CONCLUSION

For the foregoing reasons, we **REVERSE** the PCR court's denial of relief, **VACATE** the Laurens County sentences, and **REMAND** for resentencing on the Laurens County charges consistent with the original plea agreement.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

5. As noted, both solicitors involved in this case represent the Eighth Judicial Circuit. Accordingly, each are bound to fulfill the plea agreements made by the other. *Santobello; Thrift.*