610 S.E.2d 812

Cecil Heyward DEMPSEY, Respondent,

v.

STATE of South Carolina, Petitioner.

No. 25954.

Supreme Court of South Carolina.

Submitted Oct. 20, 2004.

Decided March 21, 2005.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Chief, Capital & Collateral Litigation Donald J. Zelenka, Assistant Deputy Attorney General Salley Elliott, and Assistant Attorney General Elizabeth R. McMahon, all of Columbia, for Petitioner.

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Respondent.

Chief Justice TOAL:

Respondent Cecil Heyward Dempsey (Dempsey) was convicted of first-degree criminal sexual conduct (CSC) with a

minor and was sentenced to thirty years in prison. The court of appeals affirmed. *State v. Dempsey,* 340 S.C. 565, 532 S.E.2d 306 (Ct.App.2000). Dempsey applied for post conviction relief (PCR) and relief was granted. This Court granted the State's petition for certiorari. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

Dempsey was charged with CSC with a minor for sexually abusing his nine-year-old stepson (victim). The victim testified that Dempsey sexually abused him "four times [a week], almost everyday" for a period of more than a year. In addition, the State's case included testimony of the arresting officer and several doctors and counselors at the Low Country Children's Center, a center that specializes in caring for abused children.

The State offers the following issues for review:

I. Did the PCR court err when it found Dempsey's trial counsel ineffective for failing to subpoena the victim's grandfather to offer testimony that could have potentially exculpated Dempsey?

II. Did the PCR court err when it found Dempsey's trial counsel ineffective for failing to offer expert testimony on sexual abuse to rebut the state's expert testimony?

III. Did the PCR court err when it found Dempsey's trial counsel ineffective for failing to request a jury charge of assault and battery of a high and aggravated nature (ABHAN)?

## LAW/ANALYSIS

### STANDARD OF REVIEW

■ This Court gives great deference to the post-conviction relief (PCR) court's findings of fact and conclusions of law. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000) (citing *McCray v. State,* 317 S.C. 557, 455 S.E.2d 686 (1995)). On review, a PCR judge's findings will be upheld if there is any evidence of probative value sufficient to support them. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). If no probative evidence exists to support the findings, the Court will reverse. *Pierce v. State,* 338 S.C. 139, 144, 526

S.E.2d 222, 225 (2000) (citing *Holland v. State,* 322 S.C. 111, 470 S.E.2d 378 (1996)).

First, to be entitled to PCR, the applicant must show that counsel's performance was deficient. *Payne v. State,* 355 S.C. 642, 645, 586 S.E.2d 857, 859 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). An attorney's performance is not deficient if it is reasonable under professional norms. *Cherry v. State,* 300 S.C. 115, 117, 386 S.E.2d 624, 625 (1989). Second, the applicant must show that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

## I. Failure to Subpoena Witness

The State argues that the PCR judge erred in granting Dempsey relief on the basis that trial counsel was ineffective for failing to subpoena an out-of-state witness that would have allegedly offered exculpatory testimony. We agree.

A PCR applicant cannot show that he was prejudiced by counsel's failure to call a favorable witness to testify at trial if that witness does not later testify at the PCR hearing or otherwise offer testimony within the rules of evidence. *Glover v. State,* 318 S.C. 496, 498, 458 S.E.2d 538, 540 (1995).

In his PCR application, Dempsey claimed trial counsel was ineffective for failing to subpoena the victim's grandfather, who Dempsey alleged would have testified that the victim lied about being sexually assaulted. At the PCR hearing, counsel admitted that he did not know the proper procedure to subpoena an out-of-state witness. Nevertheless, because we cannot determine what the victim's grandfather would have said in his testimony, any prejudice to Dempsey is merely speculative. In addition, because the victim's grandfather did not testify at the PCR hearing or otherwise have his testimony offered, there is no evidence that, if counsel had subpoenaed the witness, the result at trial would have been different. Accordingly, we hold that the PCR court erred in granting relief on the basis that trial counsel was ineffective in failing to subpoena the victim's grandfather to testify at trial.

## II. Failure to Present Expert Testimony

██ The State argues that the PCR judge erred in granting Dempsey relief on the basis that counsel was ineffective for failing to offer expert testimony on child sexual abuse to rebut the testimony of the state's expert witness. We agree.

At trial, the State called Dr. Donald Elsey, a therapist at the Low Country Children's Center, to testify as an expert on child sexual abuse. Dr. Elsey testified that it was his opinion that the victim had been sexually abused.

In addition, the State presented expert testimony from Dr. Elizabeth Baker who performed the victim's physical examination. Dr. Baker testified that she found no physical evidence that the victim was sexually abused, but that it was likely that if someone was assaulted in the manner in which the victim alleged, there would be no physical evidence of the assault. Dempsey's counsel did not call an expert to rebut the State's expert testimony because he believed that the lack of physical evidence of abuse, by itself, was enough to rebut the state's expert testimony.

██ First, because Dempsey failed to have an expert on child sexual abuse testify at the PCR hearing, we hold that any finding of prejudice is merely speculative. Second, we find that counsel's decision not to call an expert witness to rebut the state's expert witness was a legitimate trial strategy. *See McLaughlin v. State*, 352 S.C. 476, 483–484, 575 S.E.2d 841, 844–845 (2003) (holding that where counsel articulates a valid reason for employing a certain trial strategy, such conduct will not be deemed ineffective assistance of counsel.) Accordingly, we hold that the PCR court erred in granting relief on the basis that trial counsel was ineffective in failing to call an expert witness on child sexual abuse.

## III. Failure to Request Jury Charge

██ The State argues that the PCR judge erred in granting relief on the basis that counsel was ineffective for failing to request a jury charge on the lesser-included offense of ABHAN. We agree.

██ A judge must charge the jury on material issues raised by the evidence. *Frasier v. State*, 306 S.C. 158, 162,

410 S.E.2d 572, 574 (1991). Nevertheless, a judge is required to charge a jury on a lesser-included offense "if there is any evidence from which it could be inferred the lesser, *rather than the greater,* offense was committed." *State v. Gourdine,* 322 S.C. 396, 398, 472 S.E.2d 241, 242 (1996) (emphasis supplied).

ABHAN is a lesser-included charge of CSC. *State v. Primus,* 349 S.C. 576, 582, 564 S.E.2d 103, 106 (2002). ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation. *Id.* at 580, 564 S.E.2d at 105. Circumstances of aggravation include the use of a deadly weapon, intent to commit a felony, infliction of serious bodily injury, great disparity in the ages or physical conditions of the parties, a difference in gender, the purposeful infliction of shame and disgrace, taking indecent liberties of familiarities with a female, and resistance to lawful authority. *Id.* at 580–581, 564 S.E.2d at 105–106.

In the present case, both the victim's aunt and the victim testified that Dempsey acted violently towards the victim. The aunt testified that on one occasion she witnessed Dempsey pick up the victim and yell obscenities at him. In addition, victim testified that on another occasion Dempsey "jacked [the victim] up against the wall" and threatened to hurt him if he told anyone about the sexual abuse. Nevertheless, the evidence indicates that on several different occasions Dempsey forced the victim to perform various sexual acts. We find that there is no evidence that Dempsey committed ABHAN rather than CSC with a minor on those occasions.

In this case, Dempsey points to evidence that he physically assaulted the victim to support his claim that counsel was ineffective in failing to request an ABHAN charge. The indictment charged that the CSC occurred between December 1996 and June 1997, during which period there was evidence of several instances of sexual battery. While it is true, as Dempsey contends, that there was also evidence of conduct that could be construed as ABHAN, none of these incidents was alleged to have occurred instead of the sexual batteries. Under these circumstances, where there is no evidence from which it could be inferred that ABHAN rather than CSC was committed, an ABHAN charge is not warranted.

## CONCLUSION

We find no evidence of probative value sufficient to support the PCR court's finding that counsel was ineffective.

**REVERSED.**

MOORE, WALLER, BURNETT AND PLEICONES, JJ., concur.