675 S.E.2d 416

**Jeffrey Eugene DAVIE, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

**No. 26608.**

Supreme Court of South Carolina.

Submitted Nov. 19, 2008.

Decided March 9, 2009.

Rehearing Denied April 10, 2009.

---

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Julie M. Thames, of Columbia, for Respondent.

Justice BEATTY:

In this post-conviction relief (PCR) case, the Court granted a writ of certiorari to review the PCR judge's denial of relief to Jeffrey Eugene Davie (Petitioner) for his plea of guilty which resulted in a sentence of twenty-seven years in prison. Petitioner primarily contends the PCR judge erred in ruling that plea counsel was not ineffective for failing to communicate a fifteen-year plea offer made by the State. We reverse the PCR judge's order, vacate Petitioner's sentence, and remand for re-sentencing.

## FACTUAL/PROCEDURAL HISTORY

Pursuant to a plea agreement, Petitioner pled guilty in November 2000 to trafficking crack cocaine, third offense; distribution of crack cocaine, third offense; distribution of crack cocaine within proximity of a public park; conspiracy to violate the South Carolina drug laws; unlawful conduct toward a child; failure to stop for a blue light; driving under suspension, third offense; and child endangerment. In exchange for Petitioner's "straight up" plea, the State agreed to dismiss additional charges. At the plea hearing, the State stipulated that the dismissal of the other charges would preclude the State from seeking a sentence of life without the possibility of parole for Petitioner.[1] The judge sentenced Petitioner to an aggregate of twenty-seven years' imprisonment. Petitioner did not directly appeal his plea or sentence.

On April 12, 2001, Petitioner filed a PCR application. In his application, Petitioner moved for the PCR court to vacate his guilty plea and sentence on the ground the State reneged on a twenty-five-year sentencing cap. In an amended application, Petitioner raised several subject matter jurisdiction challenges to the charges for which he pled guilty. Additionally, Petitioner alleged he was denied effective assistance of counsel on the ground his plea counsel failed to properly advise him of the sentencing enhancements for his prior drug offenses. In an amended application dated July 31, 2002, Petitioner's PCR

---

1. The Solicitor made a brief reference to another plea offer, stating "the original plea offer in this matter has not been accepted by the due date of September 11th of this year, and so we told the defendant we were ready to go to trial."

counsel reiterated Petitioner's prior claims but also alleged that plea counsel had failed to inform Petitioner of a written plea agreement in which the State offered a fifteen-year sentence in exchange for Petitioner's plea to all of the pending charges.

At the PCR hearing, Petitioner testified that two years after he pled guilty he discovered the State initially extended a plea offer of fifteen years. Because plea counsel never communicated this offer to him, Petitioner claimed ineffective assistance of counsel. Petitioner stated he would have accepted the fifteen-year deal had he been aware of it prior to the plea proceeding.

Plea counsel testified he was not aware of the State's offered plea agreement for a fifteen-year sentence until after the offer had expired. Counsel explained he was in the process of relocating his office at the time the State mailed its written plea offer. As part of the office relocation, counsel stated he acquired a new post office box. Had he been aware of the offer, counsel claimed he would have communicated it to Petitioner. Counsel believed Petitioner would have accepted the plea offer had it been communicated to him. Counsel further testified that the only subsequent offer was the one Petitioner accepted at his plea hearing, wherein Petitioner pled "straight up" to the eight charges in return for the State dropping the remaining three charges and seeking a sentence of life without parole.

At the conclusion of the PCR hearing, Petitioner's counsel argued that plea counsel's failure to communicate the plea offer to Petitioner constituted ineffective assistance of counsel. In terms of relief, counsel requested the PCR court remand the case for a re-sentencing hearing with the directive that the new sentence could not exceed the twenty-seven-year sentence that was previously imposed.

The judge denied Petitioner's request for relief, finding "no proof of ineffective assistance of counsel regarding the unfortunate circumstances, which caused a plea offer to lapse prior to [Petitioner's] consideration of the same." The judge stated it was "unfortunate" that Petitioner did not have the opportunity to consider the fifteen-year plea offer. However, the judge noted the offer was not available to Petitioner at the

time of his guilty plea. Additionally, the judge found Petitioner knowingly and voluntarily pled guilty given he was fully advised of the rights he was waiving by pleading guilty and he understood the underlying charges of his guilty plea. The judge also concluded Petitioner ultimately benefited from the State's agreement by avoiding a sentence of life without parole.[2]

The Court granted the Petitioner's request for a writ of certiorari to review the PCR judge's decision.

## DISCUSSION

Petitioner contends his plea counsel was ineffective in failing to communicate the State's initial fifteen-year plea offer to him. Because he would have accepted the offer, Petitioner asserts he was prejudiced by counsel's deficient performance. We agree.

### Standard of Review

A defendant has the right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has held that a defendant has the right to effective assistance of counsel during the plea bargaining process. *Judge v. State,* 321 S.C. 554, 471 S.E.2d 146 (1996), *overruled on other grounds by Jackson v. State,* 342 S.C. 95, 535 S.E.2d 926 (2000). "There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Ard v. Catoe,* 372 S.C. 318, 331, 642 S.E.2d 590, 596, *cert. denied,* —— U.S. ——, 128 S.Ct. 370, 169 L.Ed.2d 247 (2007).

In a PCR proceeding, the applicant bears the burden of establishing that he or she is entitled to relief. *Caprood v. State,* 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000). "In the

---

2. The PCR judge granted Petitioner relief with respect to his five-year sentence for child endangerment, finding it exceeded the one and one-half year statutorily mandated maximum. Although Petitioner asserts in his brief that the PCR judge properly granted him relief on this issue, the State has not challenged the PCR judge's finding. Accordingly, we have confined our analysis to Petitioner's first issue.

context of a guilty plea, the court must determine whether 1) counsel's advice was within the range of competence demanded of attorneys in criminal casesi.e. was counsel's performance deficient, and 2) if there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *Smith v. State*, 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 56–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). "The defendant's undisputed testimony that he would not have pled guilty to the charges but for trial counsel's advice is sufficient to prove that defendant would not have pled guilty." *Id.* at 138, 631 S.E.2d 260, 631 S.E.2d at 261. "In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing." *Suber v. State*, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007).

■■■ "This Court gives great deference to the post-conviction relief (PCR) court's findings of fact and conclusions of law." *Dempsey v. State*, 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005). In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision. *Smith*, 369 S.C. at 138, 631 S.E.2d at 261. This Court will uphold the findings of the PCR court when there is any evidence of probative value to support them, and will reverse the decision of the PCR court when it is controlled by an error of law. *Suber*, 371 S.C. at 558–59, 640 S.E.2d at 886.

To prevail on his claim of ineffective assistance of counsel, Petitioner was required to prove that 1) plea counsel's failure to communicate the State's initial, fifteen-year plea offer constituted deficient performance, and 2) he was prejudiced by this deficient performance, *i.e.,* there is a reasonable probability that but for counsel's deficient performance, he would have accepted the original plea offer.

### Deficient Performance

■■■ Although our appellate courts have not directly addressed the question of whether counsel's failure to communicate a plea offer to his or her client constitutes deficient performance, other cases of deficient performance in the context of plea bargaining would appear to support Petitioner's

position. *See, e.g., Sprouse v. State,* 355 S.C. 335, 340, 585 S.E.2d 278, 281 (2003) (finding defendant was entitled to post-conviction relief where the State failed to honor the plea agreement it made with defendant *and* trial counsel failed to ensure that the State adhered to the original plea agreement); *Thompson v. State,* 340 S.C. 112, 116–17, 531 S.E.2d 294, 296– 97 (2000) (concluding defendant established a claim for ineffective assistance of counsel where trial counsel failed to object when the solicitor recommended the maximum sentence in violation of the plea agreement); *Jordan v. State,* 297 S.C. 52, 53–54, 374 S.E.2d 683, 684–85 (1988) (holding trial counsel rendered ineffective assistance of counsel in failing to withdraw guilty plea after State reneged on plea, and reasoning that counsel's conduct in not protecting defendant's right to enforce the plea agreement with the solicitor's office fell below "prevailing professional norms").

Because our appellate courts have not specifically ruled on this issue, we are guided by the decisions of other state and federal jurisdictions. As we view these cases, we believe an adoption of a rule that counsel's failure to convey a plea offer constitutes deficient performance would be consistent with the majority of other state and federal jurisdictions. The theory underlying these decisions is that such conduct constitutes unreasonable performance under the prevailing professional standards established by the American Bar Association or state-specific ethical rules of conduct. Pursuant to these professional standards, counsel is required to fully communicate with the client so that the client can make an informed decision regarding any proposals by the State. *See United States v. Rodriguez,* 929 F.2d 747, 752–53 (1st Cir.1991); *Pham v. United States,* 317 F.3d 178, 182 (2d Cir.2003); *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 438 (3d Cir.1982); *Barentine v. United States,* 728 F.Supp. 1241, 1251 (W.D.N.C.), *aff'd,* 908 F.2d 968 (4th Cir.1990); *Griffin v. United States,* 330 F.3d 733, 737 (6th Cir.2003); *Johnson v. Duckworth,* 793 F.2d 898, 902 (7th Cir.1986); *United States v. Blaylock,* 20 F.3d 1458, 1465 (9th Cir.1994); *Diaz v. United States,* 930 F.2d 832, 834 (11th Cir.1991); *see also Rasmussen v. State,* 280 Ark. 472, 658 S.W.2d 867, 867–68 (1983); *Cottle v. State,* 733 So.2d 963, 964–65 (Fla.1999); *Lloyd v. State,* 258 Ga. 645, 373 S.E.2d 1, 3 (1988); *People v. Whitfield,* 40 Ill.2d

308, 239 N.E.2d 850, 852 (1968); *Lyles v. State,* 178 Ind.App. 398, 382 N.E.2d 991, 993–94 (1978); *Williams v. State,* 326 Md. 367, 605 A.2d 103, 108 (1992); *People v. Alexander,* 136 Misc.2d 573, 518 N.Y.S.2d 872, 879 (1987); *State v. Simmons,* 65 N.C.App. 294, 309 S.E.2d 493, 497 (1983); *Jiminez v. State,* 144 P.3d 903, 906 (Okla.Crim.App.2006); *Commonwealth v. Copeland,* 381 Pa.Super. 382, 554 A.2d 54, 60–61 (1988); *Harris v. State,* 875 S.W.2d 662, 665 (Tenn.1994); *Hanzelka v. State,* 682 S.W.2d 385, 387 (Tex.Ct.App.1984); *State v. James,* 48 Wash.App. 353, 739 P.2d 1161, 1166–67 (1987); *Becton v. Hun,* 205 W.Va. 139, 516 S.E.2d 762, 766–67 (1999); *State v. Ludwig,* 124 Wis.2d 600, 369 N.W.2d 722, 726–27 (1985); *see generally* Gregory G. Sarno, Annotation, *Adequacy of Defense Counsel's Representation of Criminal Client Regarding Plea Bargaining,* 8 A.L.R.4th 660 (1981 & Supp.2008) (discussing state and federal decisions determining the adequacy, competency, or effectiveness of defense counsel's representation of a criminal accused in connection with plea bargaining and negotiating).

Turning to the facts of the instant case, we find that plea counsel's failure to convey the State's initial plea offer to Petitioner constituted deficient performance. Although counsel's failure to do so could be construed as excusable neglect if one believes that the State's written offer was truly lost in the process of counsel's office relocation, we do not believe that such neglect would negate the deficient performance. Even if counsel is given the benefit of the doubt that he was not aware of the plea offer until after the expiration date, we find counsel was deficient in not objecting at the plea hearing. During the plea hearing, the solicitor informed the circuit court judge that "[t]he original plea offer in this matter has not been accepted by the due date of September 11th of this year, and so we told the defendant we were ready to go to trial." In view of the solicitor's statement, it was incumbent upon plea counsel to object or in some way indicate to the court that he had no knowledge of the original plea offer. Had counsel done so, he might have been able to convince the solicitor to reinstate this plea offer or persuade the circuit court judge to impose a fifteen-year sentence. Because counsel failed to make any attempt to protect Petitioner's interests regarding this significantly lower sentence, we conclude counsel's performance fell

below the prevailing professional norms and, thus, constituted deficient performance.

## Prejudice

 Given our finding that plea counsel's failure to communicate the State's initial plea offer constituted deficient performance, the question becomes whether Petitioner was prejudiced by this deficient performance. We believe this is the most difficult question of the analysis because a definitive method of evaluating the prejudice prong does not appear to exist in our state or other jurisdictions. Although most state courts follow the traditional, two-part *Strickland* test, differ- ences appear to arise in what type of evidence must be presented to establish prejudice.

Some state courts have not required the defendant to present additional evidence. Instead, the courts have essentially presumed prejudice merely based on the fact that plea counsel failed to communicate a plea offer. These courts have reasoned that counsel's failure to communicate a plea offer, whatever the terms, was inherently prejudicial because the deficient conduct prevented the defendant from making an informed decision. *See, e.g., State v. Simmons,* 65 N.C.App. 294, 309 S.E.2d 493, 498 (1983) (concluding defendant was "clearly prejudiced by his attorney's failure to inform him of the [plea bargain] offer"); *Harris v. State,* 875 S.W.2d 662, 665 (Tenn.1994) ("There is no doubt that the prejudice suffered by defendant was the direct result of failure on the part of defense counsel to discuss the plea bargain offer with his client and his failure to respond timely to the State's offer."); *State v. James,* 48 Wash.App. 353, 739 P.2d 1161, 1167 (1987) ("If we were presented with a finding, supported by substantial evidence, that in fact [counsel] failed to convey the plea negotiation to his clients, we would have no hesitation in concluding they were denied effective assistance of counsel on this error alone.").

Other state courts have found prejudice based on the defendant's self-serving statements that he would have accepted the plea offer had he been made aware of it. *See, e.g., People v. Culpepper,* 149 Misc.2d 550, 567 N.Y.S.2d 327, 328 (1990) (finding no prejudice where defendant did not say that "he

would have accepted the alleged plea offer if it had been transmitted").

In contrast, other courts have utilized a burden of proof that is seemingly higher and requires objective evidence to show prejudice. In these cases, the defendant must show not only that he would have accepted the offer, but also that he would have received a lesser sentence than that which he received or acted differently had he been aware of the plea offer. *See, e.g., Cottle v. State,* 733 So.2d 963, 967 (Fla.1999) ("[C]ourts in this state have recognized claims arising out of counsel's failure to inform a defendant of a plea offer, and have required a claimant to show that: (1) counsel failed to communicate a plea offer ..., (2) defendant would have accepted the plea offer but for the inadequate notice, and (3) acceptance of the State's plea offer would have resulted in a lesser sentence."); *Williams v. State,* 326 Md. 367, 605 A.2d 103, 110 (1992) (holding evidence of prejudice was "ample" where the inference was supported by "objective evidence" that the outcome would have been different had petitioner accepted the State's plea offer); *Commonwealth v. Copeland,* 381 Pa.Super. 382, 554 A.2d 54, 61 (1988) (vacating defendant's sentence and remanding for an evidentiary hearing during which defendant would have the burden of proving that: (1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby); *cf. State v. Lopez,* 274 Neb. 756, 743 N.W.2d 351, 358 (2008) (defendant failed to establish that she was prejudiced by counsel's failure to communicate offer of plea agreement where defendant's claims were contradicted by evidence introduced by the State and defense counsel).

Finally, some jurisdictions have declined to adopt a definitive rule and, instead, advocated a case-by-case analysis looking strictly at the facts of each case. *See, e.g., Lloyd v. State,* 258 Ga. 645, 373 S.E.2d 1, 3 (1988) (finding defendant was not prejudiced by counsel's deficient performance, and stating "[w]e prefer to examine the facts of each case and grant relief where there is at least an inference from the evidence that the defendant would have accepted the offer as made or something similar"); *Hanzelka v. State,* 682 S.W.2d 385, 387 (Tex. Ct.App.1984) ("This Court has concluded further that counsel's

deficient performance prejudiced Hanzelka in that under the terms of the plea bargain he would not have served any time in jail.").

We find a case-by-case approach is most consistent with our prior decisions and effectively achieves the ultimate goal of assessing whether but for counsel's deficient performance a defendant would have accepted the State's proposed plea bargain and that he would have benefited from the offer. Because presumed prejudice is reserved to very limited situations, we hold that a defendant must show actual prejudice. *See Nance v. Ozmint,* 367 S.C. 547, 552, 626 S.E.2d 878, 880 (2006) ("Absent [three narrow circumstances of presumed prejudice identified in *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)], defendants must show actual prejudice under *Strickland.*").

However, it is not always necessary for a defendant to offer objective evidence to support a claim of actual prejudice. Instead, depending on the facts of the case, a defendant's self-serving statement may be sufficient to establish actual prejudice. *See Jackson v. State,* 342 S.C. 95, 97, 535 S.E.2d 926, 927 (2000) (rejecting objective evidence requirement established in *Judge* and finding Petitioner proved he was prejudiced by counsel's deficient performance in failing to properly advise the Petitioner that he was pleading to a felony rather than a misdemeanor where Petitioner's uncontradicted testimony established that he would not have pled had he known the charge was a felony), *overruling Judge v. State,* 321 S.C. 554, 562, 471 S.E.2d 146, 150 (1996) ("The second prong of the ineffective assistance inquiry—prejudice—is shown by demonstrating through *objective* evidence ... [the existence of] a reasonable probability that, but for counsel's advice, [the defendant] would have accepted the plea. Mere statements by the PCR petitioner that he would have accepted the plea agreement but for counsel's incompetence are insufficient to show prejudice because they are self-serving and inherently unreliable.") (citation omitted); *see also Smith v. State,* 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006) ("The defendant's undisputed testimony that he would not have pled guilty to the charges but for trial counsel's advice is sufficient to prove that defendant would not have pled guilty.").

Applying these principles to the facts of the instant case, we conclude that Petitioner has proven he was prejudiced by plea counsel's deficient performance. Initially, we conclude that the difference in the sentence Petitioner received and the plea offer is proof of prejudice. We reach this conclusion for several reasons. First, the solicitor and plea counsel both acknowledged that the State originally offered a fifteen-year sentence in exchange for Petitioner's guilty plea. Secondly, plea counsel admitted that he failed to communicate this offer to Petitioner. Thirdly, both plea counsel and Petitioner testified that had this offer been communicated Petitioner would have accepted the plea agreement. Finally, had Petitioner accepted the original offer, he would have received a significantly lower sentence than the twenty-seven-year sentence that was imposed.

### Remedy

In light of our holding that Petitioner has established ineffective assistance of counsel, the final issue to be resolved is the relief to which Petitioner is entitled. Notably, Petitioner has not set forth a specific request for relief in his brief. However, a review of his PCR applications and the PCR hearing indicates that Petitioner appears to seek relief in the form of a new sentencing hearing. As will be discussed, we agree that a re-sentencing hearing is the appropriate form of relief.

In formulating the appropriate relief, we are guided by general constitutional principles. Confronted with the issue presented in the instant case, the Kentucky Court of Appeals explained:

> Remedies for ineffective assistance of counsel " 'should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.' " *Turner v. Tennessee,* 858 F.2d 1201, 1207 (6th Cir.1988), *cert. denied,* 502 U.S. 1050, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992) (quoting *United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981)) ... "Indeed, the only way to neutralize the constitutional deprivation suffered by [a defendant] would seem to be to provide [the defendant] with an opportunity to consider the

[Commonwealth's initial] plea offer with the effective assistance of counsel." *Turner,* 858 F.2d at 1208.

The United States Supreme Court has expressed that specific performance of a plea agreement is an allowable remedy where one has been denied constitutionally-guaranteed effective assistance of counsel. *Id.* (Citations omitted). On the other hand, specific performance is not warranted where it might unnecessarily infringe on the state's competing interests. *Id.* at 1208–09. In some circumstances, the state may withdraw its original plea proposal, yet, in order to effectively do so the state must show the "withdrawal is free of a reasonable apprehension of vindictiveness." *Id.* at 1208. (Citation omitted).

It has been clearly established that when a criminal defendant successfully achieves relief, either through a direct or collateral attack to the conviction, he "may not be subjected to greater punishment for exercising that right." *Id.* at 1208 (Citing *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974)). The rebuttable presumption of vindictiveness is valid where there is a "realistic likelihood" of prosecutorial retaliation. In ascertaining the existence of a realistic likelihood, the "courts should focus on 'the nature of the right asserted' and 'the timing' of the prosecutor's action.'" *Turner,* 858 F.2d at 1208 (quoting *United States v. Goodwin,* 457 U.S. 368, 381–82, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)).

*Osborne v. Commonwealth,* 992 S.W.2d 860, 865 (Ky.Ct.App. 1998).

Because there is no evidence in the record that Petitioner expressed a desire to proceed to trial rather than plead guilty, we find a remand for a new trial is not the appropriate remedy. *See United States v. Blaylock,* 20 F.3d 1458, 1468 (9th Cir.1994) ("Several courts have recognized that where the ineffective assistance occurred *before* trial, as in cases where the harm consisted in defense counsel's failure to communicate a plea offer to defendant, ... [granting a] subsequent fair trial does not remedy this deprivation.") (citation omitted).

Furthermore, given Petitioner was never apprised of the plea offer, we do not believe that specific performance would be the appropriate remedy in that Petitioner did not detrimen-

tally rely on the offer. *Cf. Custodio v. State,* 373 S.C. 4, 13, 644 S.E.2d 36, 40 (2007) (finding counsel rendered ineffective assistance in failing to have plea agreement enforced and concluding the appropriate remedy was specific performance of the plea agreement because defendant detrimentally relied on the promised plea agreement); *Sprouse v. State,* 355 S.C. 335, 340, 585 S.E.2d 278, 281 (2003) (holding counsel was ineffective in failing to ensure that the State adhered to the original plea agreement and remanding for specific performance of the plea agreement given it would grant "the parties nothing more and nothing less than the benefit for which they originally bargained"). Accordingly, we hold that the appropriate remedy is a new sentencing hearing.

Given that we cannot compel the State to reinstate or the circuit court judge to accept the original, fifteen-year plea offer, we remand the case for a new sentencing hearing with the limitation that Petitioner's sentence should not exceed the original sentence of twenty-seven years' imprisonment. *See Commonwealth v. Copeland,* 381 Pa.Super. 382, 554 A.2d 54, 61 (1988) ("We cannot compel the Commonwealth to reinstate its plea bargain offer; nor can we dictate what sentence may be imposed if appellant pleads guilty without so advantageous an offer as he had before, or if he goes to trial and is again convicted.").

The State and the circuit court judge should take into consideration the prior fifteen-year plea offer. *See Harris v. State,* 974 So.2d 1149, 1151 (Fla.Dist.Ct.App.2008) (concluding that, if on remand, counsel is found to have been ineffective in failing to properly advise defendant prior to revocation then there should be a "good faith resumption of plea negotiations"); *Lyles v. State,* 178 Ind.App. 398, 382 N.E.2d 991, 994 (1978) (holding counsel was ineffective in failing to convey State's plea bargain offer and remanding "with instructions to conduct a guilty plea hearing, assuming, as equity indicates under the limited facts of this case, the State's offer continues"); *Becton v. Hun,* 205 W.Va. 139, 516 S.E.2d 762, 768 (1999) (finding counsel was ineffective in failing to convey State's plea offer and remanding for a new sentencing hearing, but recognizing that the trial court would not be bound by the State's original sentencing recommendation).

## CONCLUSION

Based on the foregoing, we find that counsel was deficient in failing to communicate the State's fifteen-year plea offer to Petitioner. Given that both Petitioner and plea counsel testified Petitioner would have accepted the fifteen-year offer, an offer that was twelve years less than what Petitioner received, we conclude Petitioner has proven that he was prejudiced by counsel's deficient performance. Accordingly, we vacate Petitioner's sentence and remand for a re-sentencing hearing. In re-sentencing Petitioner, the circuit court judge shall take into consideration the State's prior fifteen-year plea offer. We further direct that any sentence Petitioner receives should not exceed the original twenty-seven-year sentence.

**REVERSED AND REMANDED.**

WALLER and KITTREDGE, JJ., concur.

TOAL, C.J., concurring in result.

PLEICONES, J. not participating.