**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Jerome Curtis Buckson, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2012-209540

---

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-174
Heard October 13, 2015 – Filed April 13, 2016

---

**REVERSED**

---

Attorney General Alan McCrory Wilson and Assistant
Attorney General James Rutledge Johnson, of Columbia,
and Assistant Deputy Attorney General Suzanne
Hollifield White, of Spartanburg, for Petitioner.

Tricia A. Blanchette, of the Law Office of Tricia A.
Blanchette, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** The State appeals the grant of post-conviction relief (PCR) to
Jerome Curtis Buckson (Respondent), arguing the PCR court erred in finding trial

counsel was ineffective for (1) failing to investigate or call four witnesses in an attempt to establish Respondent was not guilty of first-degree burglary, (2) failing to utilize trial witnesses more effectively, (3) focusing more on the defense of the murder charge than the first-degree burglary charge, and (4) failing to object to an item stricken on the jury verdict form. We reverse.

1. We find the PCR court erred in concluding Respondent was prejudiced by trial counsel's failure to interview and call four witnesses who could have helped establish his habitation defense by testifying he lived with the victim. *See Walker v. State*, 407 S.C. 400, 404–05, 756 S.E.2d 144, 146 (2014) (stating to prevail on an ineffective assistance of counsel claim, a PCR applicant must demonstrate (1) "counsel was deficient" and (2) "the deficiency resulted in prejudice" (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984))); *Edwards v. State*, 392 S.C. 449, 456, 710 S.E.2d 60, 64 (2011) (explaining the petitioner must demonstrate any deficiency by trial counsel resulted in prejudice "to the point that he was deprived of a fair trial whose result is reliable"). To the extent trial counsel was ineffective for failing to interview and call the four witnesses, we find Respondent failed to demonstrate he was prejudiced by such deficiency. *See Franklin v. Catoe*, 346 S.C. 563, 571, 552 S.E.2d 718, 723 (2001) ("To prove prejudice, an applicant must show . . . a reasonable probability that[,] but for counsel's deficient performance, the result of the proceeding would have been different."). A thorough review of the record reveals the four witnesses' testimonies at the PCR hearing, consisting of assertions that Respondent lived with the victim, were cumulative to testimony offered by multiple witnesses at trial. *See Edwards*, 392 S.C. at 459, 710 S.E.2d at 66 (stating when "evidence produced during the PCR proceedings is cumulative to or does not otherwise aid evidence introduced at trial, no prejudice results from counsel's failure to bring it forward"). Accordingly, we reverse the PCR court's finding as to this issue.

2. With regard to the PCR court's finding that trial counsel was ineffective for focusing on the murder charge and neglecting the first-degree burglary charge, we find the PCR court erred in concluding trial counsel's performance was deficient. Our review of the trial transcript indicates trial counsel acted reasonably with his investigation and preparation for the burglary charge. *See Dempsey v. State*, 363 S.C. 365, 369, 610 S.E.2d 812, 814 (2005) ("An attorney's performance is not deficient if it is reasonable under professional norms."). Trial counsel addressed the burglary charge and Respondent's residency status in both his opening and closing statements. Indeed, trial counsel devoted a significant amount of time to this subject during his closing statement, outlining the various testimonies and evidence tending to show Respondent lived with the victim, and he claimed

Respondent could not be guilty of burglary beyond a reasonable doubt. In addition, trial counsel frequently questioned the witnesses, when appropriate, regarding aspects related to the burglary charge. Trial counsel successfully objected on multiple occasions when the State attempted to elicit testimony showing why the victim changed her locks shortly before the incident, which would have strengthened the State's claim that the victim and Respondent ended their cohabitation prior to the incident. He cross-examined several other prosecution witnesses to show the jury Respondent could have resided with the victim, even though, at times, he used his mother's mailing address. Also, he questioned an employee of the victim's apartment complex to show the jury a valid reason why the victim could have decided against adding Respondent's name to the lease. Following the conclusion of the State's case, trial counsel moved for a directed verdict on the burglary charge alone, arguing no evidence demonstrated Respondent entered the victim's apartment without permission. During the defense's case, trial counsel called multiple witnesses that were used, in part, to create reasonable doubt on the burglary charge by supporting his contention that Respondent lived with the victim. Trial counsel called a total of four witnesses, including Respondent, who testified Respondent lived with the victim and spent a significant amount of time in her apartment and with her children. During Respondent's testimony, trial counsel questioned him extensively about living with the victim and keeping personal items in her apartment. He also showed Respondent multiple photographs of the victim's apartment so Respondent could identify the clothing and toiletry items he maintained in the apartment. In light of trial counsel's efforts, we find no evidence of probative value supports the PCR court's assertion that he "put his entire focus" on the murder charge. *See Davie v. State*, 381 S.C. 601, 608, 675 S.E.2d 416, 420 (2009) ("In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision."). In our view, trial counsel acted reasonably to defend Respondent on the burglary charge, and he conducted an independent investigation by interviewing and calling multiple witnesses and reviewing the evidence. *See Dempsey*, 363 S.C. at 369, 610 S.E.2d at 814 ("An attorney's performance is not deficient if it is reasonable under professional norms."). Because the record of Respondent's trial shows trial counsel exhibited a reasonable amount of focus and attention on the burglary charge, while also successfully defending the murder charge, we reverse the PCR court's finding of ineffective assistance of counsel.

3. With regard to the PCR court's finding that trial counsel "was ineffective in his preparation and utilization of Tate," we find the PCR court erred in concluding trial

counsel's performance was deficient. After comparing Tate's trial testimony with his PCR hearing testimony, we find trial counsel's utilization of Tate was reasonable. *See Dempsey*, 363 S.C. at 369, 610 S.E.2d at 814 ("An attorney's performance is not deficient if it is reasonable under professional norms."). Trial counsel established Tate believed Respondent lived with the victim, and he elicited an explanation as to why Respondent's name would not have been on the lease. Tate also testified at trial he did not see Respondent during the week prior to this incident and, thus, could not refute the State's claim that Respondent and the victim ended their relationship shortly before this incident. We believe Tate's PCR testimony failed to add anything significant to his trial testimony. To the extent Tate's PCR testimony more clearly established his belief that Respondent lived with the victim, we find his testimony was cumulative to the testimonies of several other witnesses and Respondent suffered no prejudice from its omission. *See Edwards*, 392 S.C. at 459, 710 S.E.2d at 66 (stating when "evidence produced during the PCR proceedings is cumulative to or does not otherwise aid evidence introduced at trial, no prejudice results from counsel's failure to bring it forward"). Thus, we reverse the PCR court as to this issue because no evidence of probative value exists to support the finding that trial counsel's utilization of Tate as a witness was deficient. *See Davie*, 381 S.C. at 608, 675 S.E.2d at 420 ("In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision.").

4. Finally, with regard to the PCR court's finding that trial counsel was ineffective for failing to "address the matter stricken through by the jury" on the verdict form, we find the PCR court erred in concluding trial counsel's performance was deficient. Respondent failed to present any actual evidence during the PCR hearing to show the verdict was somehow compromised. In any event, we believe trial counsel was not deficient for failing to raise an objection because the circuit court took reasonable and adequate precautions to confirm the guilty verdict. The circuit court polled the jury, per trial counsel's request, after the jury read the verdict. Subsequently, the court noticed the word "not" was scratched from the verdict form in front of where the jury wrote "guilty." Realizing this could be an issue, the foreman initialed the alteration, and the court questioned whether the foreman actually made the alteration. The foreman confirmed he made the alteration and the guilty verdict was correct. The court then polled the jury again to confirm the guilty verdict was correct, and the entire jury agreed. Because the circuit court thoroughly addressed the verdict form issue to ensure the jury's verdict was not compromised, we find trial counsel's decision not to further pursue the argument was reasonable. *See Dempsey*, 363 S.C. at 369, 610 S.E.2d at 814

("An attorney's performance is not deficient if it is reasonable under professional norms.").  Accordingly, we reverse the PCR court as to this issue because no evidence of probative value supports its finding that trial counsel was deficient for failing to address the jury verdict form.  *See Davie*, 381 S.C. at 608, 675 S.E.2d at 420 ("In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision.").  Further, to the extent the State argues the PCR court erred in hinging its analysis on the cumulative prejudice doctrine, we need not address this issue because our resolution of the prior issues is dispositive.  *See Green v. State*, 351 S.C. 184, 197, 569 S.E.2d 318, 325 (2002) (recognizing "the threshold to asking the cumulative prejudicial question is to first find multiple errors").

**REVERSED.**[1]

**HUFF, A.C.J, and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.