**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Onrae Williams, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-001456

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal from Charleston County
Deadra L. Jefferson, Circuit Court Judge

---

Memorandum Opinion No. 2018-MO-009
Heard January 11, 2018 – Filed February 28, 2018

---

**REVERSED**

---

Elizabeth Scott Moise, of Charleston and Matthew Edward Brown, of Boston, MA, both of Nelson Mullis Riley & Scarborough, LLP, both for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Lindsey Ann McCallister, both of Columbia, for Respondent.

---

**PER CURIAM:**  In this post-conviction relief (PCR) case, Petitioner's application for relief was denied by the circuit court.  The court of appeals affirmed in an unpublished decision.  *Williams v. State*, Op. No. 2016-UP-015 (S.C. Ct. App. filed Jan. 13, 2016).  We reverse the court of appeals, grant relief to Petitioner, and remand to the court of general sessions for a new trial pursuant to the following authorities: *Cherry v. State*, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989) (stating in order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the applicant's case); *Watson v. State*, 287 S.C. 356, 357, 338 S.E.2d 636, 637 (1985) ("The test for effective assistance of counsel is whether the representation was within the range of competence demanded of attorneys in criminal cases."); *Pittman v. State*, 337 S.C. 597, 599, 524 S.E.2d 623, 624 (1999) ("[A] defendant entering a guilty plea must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived."); *Davie v. State*, 381 S.C. 601, 609, 675 S.E.2d 416, 420 (2009) ("[C]ounsel is required to fully communicate with the client so that the client can make an informed decision regarding any proposals by the State."); *Bennett v. State*, 371 S.C. 198, 205 n.6, 638 S.E.2d 673, 676 n.6 (2006) (("[A] deficiency can be cured where the trial court properly informs the defendant about the sentencing range."); we conclude the colloquy between trial counsel and the trial court did not cure trial counsel's deficiency); *Davie*, 381 S.C. at 608, 675 S.E.2d at 420 (stating to prove prejudice resulting from counsel's deficient performance, the petitioner must show "there is a reasonable probability that but for counsel's deficient performance, he would have accepted the original plea offer").

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**