**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Keith Denver Tate, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2020-000496

―――――――――

Appeal From Abbeville County
L. Casey Manning, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-076
Submitted February 1, 2024 – Filed March 13, 2024

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Zachary William Jones, both of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Keith Denver Tate (Petitioner) appeals the post-conviction relief (PCR) court's order denying his application for relief. Petitioner argues that he is entitled to relief because he was prejudiced by his initial counsel's failure to

communicate a favorable plea offer that was made shortly after Petitioner was charged. We respectfully disagree, and for that reason, we affirm.

"Our standard of review in PCR cases depends on the specific issue before us. We defer to a PCR court's findings of fact and will uphold them if there is evidence in the record to support them." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). "[W]e [also] afford great deference to a PCR court's credibility findings." *Frierson v. State*, 423 S.C. 257, 262, 815 S.E.2d 433, 435 (2018). However, "[w]e review questions of law de novo, with no deference to [the PCR] court[]." *Smalls*, 422 S.C. at 180–81, 810 S.E.2d at 839.

"[A] defendant has the right to effective assistance of counsel during the plea[-]bargaining process." *Davie v. State*, 381 S.C. 601, 607, 675 S.E.2d 416, 419 (2009), *abrogated on other grounds by Smalls v. State*, 422 S.C. 174, 810 S.E.2d 836 (2018). "To establish a claim of ineffective assistance of counsel, the [PCR applicant] has the burden of proving '(1) counsel failed to render reasonably effective assistance under prevailing professional norms[] and (2) counsel's deficient performance prejudiced the applicant's case.'" *Frierson*, 423 S.C. at 262, 815 S.E.2d at 436 (quoting *McKnight v. State*, 378 S.C. 33, 40, 661 S.E.2d 354, 357 (2008)).

"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984). Thus, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Regardless of whether Petitioner's initial counsel was deficient, probative evidence supports the PCR court's decision that Petitioner did not establish prejudice. Where a petitioner claims that counsel failed to communicate a plea offer, we evaluate prejudice on a case-by-case basis. *Davie*, 381 S.C. at 613, 675 S.E.2d at 422. The prejudice prong is met when the petitioner establishes "a reasonable probability that but for counsel's deficient performance, he [or she] would have accepted the original plea offer." *Id.* at 608, 675 S.E.2d at 420.

Petitioner sought to establish prejudice by pointing, understandably, to his testimony at the PCR hearing, where he asserted that he would have accepted the State's offer to plead guilty if he had known about it. We defer to the PCR court's finding that Petitioner's testimony was not credible. *Frierson*, 423 S.C. at 262, 815 S.E.2d at 435 ("[W]e afford great deference to a PCR court's credibility findings."). The record strongly supports the PCR court's finding in this regard because Petitioner's

testimony is largely contradicted by the testimony his trial counsel offered at Petitioner's sentencing hearing and at the PCR hearing, as well as Petitioner's own testimony at the sentencing hearing.

At the PCR hearing, trial counsel indicated that "[Petitioner]'s position . . . was pretty adamant that he was not guilty of any of these charges." Trial counsel identified this as her reason for insisting that any plea offer from the solicitor's office would have to be an *Alford* plea.[1] The exhibits in the record bear out the truth of trial counsel's testimony that she insisted any plea would have to be an *Alford* plea. The plea offer at issue here was not for an *Alford* plea.

The finding that Petitioner maintained his innocence and would not have pled guilty is also supported by other testimony from the sentencing hearing. Trial counsel conveyed her personal belief that Petitioner was innocent, and even went so far as to say to the trial judge:

> And so, I ask, Your Honor, that you . . . not hold against him his decision to come to trial. It's difficult for a person to accept responsibility for something that they maintain that they didn't do. And I think -- I understand that the jury believes he did and that . . . this now happened. But when someone maintains innocence I don't see how you can expect them to show remorse or say, okay, yes[,] I've been saying all along now that this never happened, but now . . . I'll say that I was lying and that it did.

Petitioner made a similar statement at sentencing: "Your Honor, . . . I accept the decision that the jury came up with, but I go to my grave -- I want it on the record that I'm not guilty." At the PCR hearing, Petitioner was asked about this statement. Petitioner remembered asserting his innocence but maintained that he would have accepted any plea deal offered to him, even at the very beginning of his case and even if it required him to admit his guilt.

Like the PCR court, we doubt Petitioner would have admitted guilt, before receiving discovery, in exchange for a recommended cap of six years imprisonment, when Petitioner adamantly maintained his innocence throughout the proceedings. And, as previously noted, we must defer to the PCR court's findings in this regard. *See Smalls*, 422 S.C. at 180, 810 S.E.2d at 839 ("We defer to a PCR court's findings of

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970) (permitting a defendant to enter a guilty plea while simultaneously maintaining his innocence).

fact and will uphold them if there is evidence in the record to support them."); *Davie*, 381 S.C. at 608, 675 S.E.2d at 420 ("Th[e] [reviewing] [c]ourt will uphold the findings of the PCR court when there is any evidence of probative value to support them . . . .").

Accordingly, the PCR court's denial of relief is

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.