**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Robert A. Warren, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-156146

---

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-240
Heard June 2, 2014 – Filed June 25, 2014

---

**AFFIRMED**

---

Matthew Martin McGuire, of Ervin & McGuire Law Firm, LLC, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ashleigh Rayanna Wilson, both of Columbia, for Respondent.

---

**PER CURIAM:** Robert A. Warren, Jr. challenges the denial of his application for post-conviction relief (PCR). He argues the PCR court erred by finding his trial counsel did not render ineffective assistance during closing argument. We granted

his petition for a writ of certiorari, and now affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Dempsey v. State*, 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005) (stating the appellate court "gives great deference to the [PCR] court's findings of fact"); *Sigmon v. State*, 403 S.C. 120, 128, 742 S.E.2d 394, 398 (2013) (stating the appellate court will affirm the PCR court's factual finding if any evidence supports that finding); *Miller v. State*, 379 S.C. 108, 115, 665 S.E.2d 596, 599 (2008) ("In a PCR proceeding, the applicant bears the burden of establishing that he is entitled to relief."); *id.* ("In order to prove that counsel was ineffective, the PCR applicant must show that: (1) counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different." (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))); *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) ("The right to effective assistance extends to closing arguments. Nonetheless, counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." (internal citations omitted)).

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**